## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

LIONEL CHAPMAN
37 South Broce Street
Laurel, Maryland 20224

     Plaintiff,

                                      D.C. Super. Ct.
v.                                 Civil No.: 2008 CA 003359

OMNI SHOREHAM CORPORATION
D/B/A OMNI SHOREHAM HOTEL             U.S. District Court Civil
2500 Calvert Street NW                  No.:_____
Washington, DC 20008

       Serve: Resident Agent
       1090 Vermont Avenue, NW
       Washington, DC 20005,

OMNI HOTELS MANAGEMENT CORPORATION
2500 Calvert Street NW
Washington, DC 20008

       Serve: Resident Agent
       1090 Vermont Avenue, NW
       Washington, DC 20005,

and

ROLAND B. SHEFFIELD
2702 Wade Road, SE
Washington, DC 20020

## NOTICE OF REMOVAL

     Defendant Omni Hotels Management Corporation ("Omni Hotels"), by its

undersigned counsel, hereby gives notice of its removal of *Lionel Chapman v. Omni*

*Hotels Management Corp., et al.* (D.C. Super. CA No.:08-0003359) from the Superior

Court for the District of Columbia to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1441, *et seq.* The grounds for removal are as follows:

## I.    Factual and Procedural Background

1.    Plaintiff Lionel Chapman, a former employee of Omni Hotels, commenced this action in the Superior Court for the District of Columbia on May 28, 2008. Plaintiff's Complaint names Omni Shoreham Corporation d/b/a Omni Shoreham Hotel ("Omni Shoreham"), Omni Hotels and Roland B. Sheffield as defendants.

2.    Plaintiff's Complaint improperly joins Omni Shoreham as a defendant and inaccurately names the individual defendant as "Roland B. Sheffield." Even resolving all facts and law in favor of the plaintiff, the proper defendants to this action are Omni Hotels and Sheilfield R. Brown, Sr. The Complaint's infirmities do not preclude Omni Hotels from removing this action.

### A.    Plaintiff's Claims

3.    Plaintiff claims that he was attacked by a co-worker and agent of Omni Hotels during a work-related dispute on May 12, 2007. Complaint, attached hereto as Exhibit A, at ¶ 7. All of Plaintiff's claimed damages result from injuries allegedly sustained in this exchange with his co-worker. *See* Complaint at ¶¶ 8-10.

4.    Plaintiff's Complaint alleges that Plaintiff worked as an engineer for Defendants Omni Shoreham and Omni Hotels. Complaint at ¶ 6. Plaintiff does not make any specific allegations regarding the employer of his alleged attacker, other than to state he was a "co-worker." *See* Complaint.

5.    There are two types of claims against Omni Hotels and Omni Shoreham in the Complaint  First, the Complaint alleges causes of action for assault, battery,

2

intentional infliction of emotional distress and negligent infliction of emotional distress against all named defendants ("the Vicarious Liability Claims"). Complaint at ¶¶ 25-45. Second, Plaintiff asserts claims for negligent supervision and negligence against only Omni Hotels and Omni Shoreham ("the Direct Claims"). Complaint at ¶¶ 15-24.

6.    Plaintiff's basis for the Vicarious Liability Claims against Omni Shoreham and Omni Hotels is respondeat superior liability. *See* Complaint at ¶¶ 25-45 (Plaintiff asserts that his co-worker was acting in the scope of his employment at the time of the altercation).

7.    Plaintiff's Direct Claims are based on Omni Shoreham's and Omni Hotels' alleged breach of their duties with regard to their employment practices, specifically its duty to retain, employ and supervise *employees* competent for their positions. *See* Complaint at ¶¶ 15-24 (emphasis added).

## B.    Parties to this Action

8.    Plaintiff's Complaint incorrectly states that Plaintiff was an employee of both Omni Shoreham and Omni Hotels. Complaint at ¶ 6. Plaintiff then refers to both Omni Shoreham and Omni Hotels as a single entity throughout the remainder of the Complaint without making any distinction.

9.    Omni Hotels and Omni Shoreham are separate corporations with distinct business operations. Affidavit of Carrie Combs ("Affidavit of C. Combs"), attached hereto as Exhibit B, at ¶ 5.

10.    Omni Hotels employs all of the Omni employees that staff the Omni Shoreham, including Plaintiff and the co-worker involved in the incident from which Plaintiff's claims in this lawsuit allegedly arise. Affidavit of C. Combs at ¶¶ 6-7.

3

11.     Omni Shoreham owns the real estate on which the Omni Shoreham Hotel is located but does not hire, supervise or employ any individual staff members or employees who work there, including Plaintiff and the co-worker involved in the incident giving rise to this lawsuit. Affidavit of C. Combs at ¶¶ 7-8.

12.     In addition to Omni Hotels and Omni Shoreham, Plaintiff also names Roland B. Sheffield as an individual defendant and the co-worker who allegedly attacked Plaintiff in the incident giving rise to this lawsuit. Complaint at ¶ 7.

13.     Omni Hotels does not have an employee by the name of Roland B. Sheffield. Affidavit of C. Combs at ¶ 9. According to its records, the individual employee involved in this dispute with Plaintiff is Shielfield R. Brown, Sr. *See* Affidavit of C. Combs at ¶ 10. Therefore, based on the allegations contained in the Complaint, the proper individual defendant is Shielfield R. Brown, Sr., not Roland B. Sheffield. *See* Affidavit of C. Combs at ¶ 9-10.

## II.     Subject Matter Jurisdiction

14.     Federal Courts have original jurisdiction over civil matters arising between citizens of different states, as long as the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Removal is permitted in cases where the United States district court located in the forum would have original jurisdiction over the action. 28 U.S.C. § 1441(a).

15.     The removal statute, 28 U.S.C. § 1441(b), states that a diversity action shall be removable only if none of the parties "properly joined" as a defendant is a citizen of the state or forum where the action is brought.

4

16.    Resolving all issues of fact and law in favor of the plaintiff, the only properly joined defendants in this action are Omni Hotels and Shielfield R. Brown, Sr.

### A.    <u>Fraudulent Joinder</u>[1]

17.    The citizenship of "sham" or "fraudulently joined" defendants is disregarded for the purposes of determining diversity. Their presence cannot prevent removal from state court. *Mayes v. Rappaport*, 198 F.3d 457, 461-463 (4th Cir. 1999) (removal permitted despite presence of non-diverse, fraudulently joined defendant).

18.    Fraudulent joinder occurs when a non-diverse party is added solely to deprive the federal court of jurisdiction. *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-461 (2d. Cir. 1998) (plaintiff may not defeat defendant's right to remove by joining as defendants parties with no real connection to the controversy); *Mayes*, 198 F. 3d at 460-461.

19.    A party seeking to overcome fraudulent joinder must demonstrate: (1) fraud in the recitation of jurisdictional facts; or (2) the absence of any possibility that the opposing party has stated a claim under state law against the party alleged to be fraudulently joined. *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *Travis v. Irby*, 325 F.3d 644, 646-7 (5th Cir. 2003); *see also Brown v. Brown & Williamson Tobacco Corp.*, 26 F.Supp.2d 74, 76-77 (D.D.C. 1998).

20.    Here, Roland B. Sheffield, an alleged resident of the District of Columbia is not the co-worker of Plaintiff and is therefore fraudulently joined and should not be

---

[1] "Fraudulent joinder requires neither fraud nor joinder. It is a term of art which does not reflect on the integrity of plaintiff or counsel..." *Benson v. Continental Ins. Co.*, 120 F.Supp.2d 593, 594 (S. D. W. Va. 2000) (citing *Testing Centers v. Group W Television, Inc.*, 903 F.2d 1000, 10003 (4th. Cir. 1990))(internal quotations omitted).

considered when taking into account the residence limitations provided by the removal statute. *See* Affidavit of C. Combs at ¶¶ 9-10.

21.    Both the Vicarious Liability Claims and the Direct Claims asserted by Plaintiff are based on the employment of the alleged attacker or employment practices with regard to the alleged attacker. Therefore, all Plaintiff's claims against Omni Shoreham are based on theories of either respondeat superior or breaches in the standard of care with regard to hiring, retention, supervision and employment practices.

22.    The Vicarious Liability Claims against the Omni Shoreham cannot stand because the District of Columbia requires an employment or master-servant relationship to impose liability for such actions. As the Omni Shoreham does not employ the alleged attacker or any person who could control the allege attacker, it is impossible for the Vicarious Liability Claims to survive against the Omni Shoreham. *See* Affidavit of C. Combs at ¶¶ 7-8.

23.    Respondeat superior allows an employer to be found liable for the acts of his or her employees committed within the scope of his or her employment. *Brown v. Argenbright Security, Inc.*, 782 A.2d 752, 757 (D.C. 2001) (citations omitted). In cases where an employer-employee relationship does not exist, vicarious liability attaches only if a master-servant relationship is shown between the entity and the individual. *Id.* at 759. As Omni Shoreham does not employee the alleged attacker, nor does it employ any Omni employees at the Omni Shoreham who could exercise control over the alleged attacker to create a master-servant relationship, there can be no cause of action based on respondeat superior against Omni Shoreham making it a fraudulently joined party.

6

24.    Plaintiff's Direct Claims against Omni Shoreham do not state a cause of action as they are based on breaches in the standard of care regarding the hiring, retention, training and supervision of employees, as well as general employment practices. As the Omni Shoreham does not employ any of the Omni employees working at the Omni Shoreham Hotel, there are no applicable standards of care regarding employment practices. Therefore, it is impossible for a cause of action sounding in negligence based solely on employment practices to stand against an entity that does not have any employees.

25.    With regard to a claim for negligent supervision, the party invoking the claim must show that the employer knew or should have known that its employee had dangerous tendencies and failed to adequately supervise him or her despite that knowledge. *Id.* at 760. As the Omni Shoreham is not the employer of the alleged attacker, nor any individual Omni employees who would hire, train or supervise the alleged attacker, there can be no negligent supervisions cause of action against the Omni Shoreham. *See* Affidavit of C. Combs at ¶¶ 7-8.

26.    Finally, the Complaint states a cause of action for negligence also arising from the employment of the alleged attack which asserts that the Omni Shoreham breached its "employment practices."[2] "The elements of a cause of action for negligence are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach." *Taylor v. District of Columbia*, 776 A.2d 1208, 1214 (D.C. 2001) (citation omitted). Therefore, there can be no cause of action for negligence without duty. As Omni

---

[2] The Federal Court must make determinations regarding fraudulent joinder based on the plaintiff's pleadings at the time of removal, in addition to considering affidavits submitted by other parties. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

7

Shoreham does not employ any of the Omni employees at the hotel, it does not have a "standard of care in its employment practices" to breach. *See* Complaint at ¶ 23. As the Omni Shoreham does not employ the alleged attacker or any other Omni employees at the Omni Shoreham Hotel, a cause of action for negligence based solely on non-existent employment practices cannot stand.

27.     As set forth above, Omni Shoreham is neither the employer of Plaintiff or his alleged attacker nor the entity responsible for hiring, retaining or supervising the employees at the hotel. Plaintiff's Complaint, containing solely employment-based allegations, contains no possible state law cause of action against Omni Shoreham. Therefore, Omni Shoreham is a fraudulently joined party and should not be considered for the purposes of determining complete diversity as required for removal.

28.     Based on the foregoing, both Omni Shoreham and Roland B. Sheffield are fraudulently joined defendants.

**B.    Citizenship Of Proper Parties**

29.     Plaintiff Lionel Chapman is a resident of Maryland. Complaint at ¶ 1.

30.     Omni Hotels is a Delaware corporation with its principal place of business in Irving, Texas. Affidavit of C. Combs at ¶ 3.

31.     Shielfield R. Brown, Sr. is a resident of Virginia. Affidavit of C. Combs at ¶ 11.

32.     Therefore, all proper defendants to this action are residents of a different state than the plaintiff and none are residents of the District of Columbia, which satisfies the diversity requirements of 28 U.S.C. §§ 1332 and 1441.

**C.    Amount in Controversy**

33.    Plaintiff's *ad damnum* seeks $1,000,000.00 in punitive damages in addition to an award for actual or compensatory damages in an amount to be determined at trial. *See, e.g.* Complaint at ¶ 45.

34.    Therefore, the amount in controversy exceeds the jurisdictional requirement of $75,000 set forth in 28 U.S.C. § 1332.

## III.    Removal is Proper

35.    As indicated above, there is no "properly joined" defendant that is a citizen of the District of Columbia. Nor is there any "properly joined" defendant that is a citizen of the same state as plaintiff. Accordingly, complete diversity of citizenship exists for the purposes of 28 U.S.C. §§ 1332 and 1441.

36.    The amount in controversy exceeds the jurisdictional requirement of $75,000 set forth in 28 U.S.C. 1332, as Plaintiff's *ad damnum* seeks $1,000,000.00 in punitive damages in addition to an award for actual or compensatory damages in an amount to be determined at trial.

37.    Furthermore, Defendant Omni Hotels notice of removal is timely pursuant to 28 U.S.C. § 1446 (b) and Fed. R. Civ. P. 6 (a). Plaintiff filed the First Amended Complaint on May 28, 2008, and served defendant Omni Hotels on June 3, 2008.

38.    Upon information and belief, no other named defendants to this action have been served.

39.    Pursuant to 28 U.S.C. § 1446(a): (1) all copies of process, pleadings, and orders served on Omni Hotels are attached to this Notice (as Exhibit C) and (2) undersigned counsel certifies that a copy of this Notice of Removal will be served

promptly on Plaintiff and filed with the Clerk of the Superior Court for the District of Columbia.

40.    Therefore, removal of this action from the Superior Court for the District of Columbia to the U.S. District Court for the District of Columbia is proper.

WHEREFORE, defendant Omni Hotels hereby removes the above-captioned matter from the Superior Court for the District of Columbia to the U.S. District Court for the District of Columbia.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By:    _____
Robert W. Goodson (Bar # 941674)
The Colorado Building
1341 G Street, N.W., Suite 500
Washington, D.C. 20005
Tel.: (202) 626-7660
Fax: (202) 628-3606
*Counsel for Defendant Omni Hotels Management Corporation*

304894.2

## Certificate of Service

I hereby certify on this 23rd day of June, 2008, I served by first class mail, postage prepaid the foregoing Notice of Removal upon the following:

Clarence Connelly, Jr., Esq.
Law Office of Clarence Connelly
1200 G Street, NW
Suite 800
Washington, D.C. 20005
(202) 445-3831
*Counsel for Plaintiff*

Omni Shoreham Corporation
c/o Corporation Service Company
1090 Vermont Avenue, N.W.
Washington, D.C. 20005

Roland B. Sheffield
2702 Wade Road, SE
Washington, DC 20020

Shielfield R. Brown, Sr.
6312 S Kings Highway
Apartment T3
Alexandria, VA 22306

Robert W. Goodson

11

# IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LIONEL CHAPMAN )
37 SOUTH BROCE STREET )
LAUREL MARYLAND 20224 )

     Plaintiff, )

v. )

OMNI SHOREHAM CORPORATION )
D/B/A OMNI SHOREHAM HOTEL )
2500 CALVERT STREET NW )
WASHINGTON DC 20008 )

    <u>SERVE: RESIDENT AGENT</u> )
    CORPORATION SERVICE COMPANY )
    1090 VERMONT AVENUE NW )
    WASHINGTON DC 20005 )

OMNI HOTELS MANAGEMENT CORPORATION )
2500 CALVERT STREET NW )
WASHINGTON DC 20008 )

    <u>SERVE: RESIDENT AGENT</u> )
    CORPORATION SERVICE COMPANY )
    1090 VERMONT AVENUE NW )
    WASHINGTON DC 20005 )

& )

ROLAND B SHEFFIELD )
2702 WADE ROAD SE )
WASHINGTON DC 20020 )

Case No.   <u>2008ca0003359</u>

## <u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

    Plaintiff LIONEL CHAPMAN, by and through counsel, Clarence Connelly, Jr. files this

civil action against Defendants OMNI SHOREHAM CORPORATION (D/B/A OMNI





SHOREHAM HOTEL), OMNI HOTELS MANAGEMENT CORPORATION, and ROLAND B

SHEFFIELD on the grounds and in the amounts set forth herein:

## PRELIMINARY STATEMENT

This action arises out of an on the job assault. Plaintiff asserts counts for negligent

supervision, negligence, negligent infliction of emotional distress, intentional infliction of

emotional distress, assault and battery. Plaintiff seeks actual and punitive damages and costs.

## PARTIES

1.    Plaintiff Lionel Chapman is a resident of Maryland.

2.    Defendant Omni Shoreham Corporation (D/B/A Omni Shoreham Hotel) is a

Delaware Corporation that transacts business in the District of Columbia.

3.    Defendant Omni Hotels Management Corporation is a Delaware Corporation that

transacts business in the District of Columbia.

4.    Defendant Roland B. Sheffield resides in the District of Columbia.

## JURISDICTION

5.    This court has personal jurisdiction over the Defendants, pursuant to District of

Columbia Code § 13-423(a)(1) and § 13-423(a)(3), as Defendants reside and transacts business,

directly and/or through its agents, in the District of Columbia, and acted to give rise to a claim

for relief based upon business transactions in the District of Columbia. Defendants also caused

the Plaintiff tortuous injury in the District of Columbia.

## FACTUAL ALLEGATIONS

6.    At all times relevant to this action, Plaintiff worked as an engineer for Defendants Omni Shoreham Corporation (D/B/A Omni Shoreham Hotel) and Omni Hotels Management Corporation (collectively referred to hereinafter as "Omni").

7.    On or about May 12, 2007, Plaintiff was attacked and assaulted by a coworker by the name of Roland B. Sheffield, an employee and agent of Omni who had also viciously attacked another employee on a prior occasion. The attack arose out of a dispute regarding work to be performed for Defendants Omni.

8.    The attack was so severe that Plaintiff lost consciousness. Plaintiff sustained injuries, including a facial contusion, severe swelling of his jaw, a concussion, cervical sprain, right shoulder sprain and lumbar strain. Plaintiff suffered excruciating pain in his jaw and mandible well after the attack.

9.    Plaintiff has been diagnosed with post concussion syndrome, and he has headaches, blurred vision and nausea. Since the assault, Plaintiff's speech is slower and his thinking is impaired. Plaintiff's friends and family have noticed a marked change in Plaintiff's personality since the attack. Plaintiff has now become fearful of others and in particular of the employee that savagely attacked him.

10.    Plaintiff suffered severe emotional and physical injuries as a direct and proximate cause of Defendants conduct for which he has sought professional treatment from several physicians and medical professionals.

11.    Defendants Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should

have reasonably anticipated and protected against his propensity for violence, yet Defendants did not reasonably anticipate or take measures to protect its employees.

12.    The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendants' business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendants Omni.

13.    The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.

14.    As a result of Defendants' willful and wanton conduct, reckless disregard for Plaintiff's rights, breaches of duty and actual malice, Plaintiff suffered damages for which he seeks recompense in this action.

## COUNT I
### NEGLIGENT SUPERVISION
### (Against Defendant Omni)

15.    Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

16.    Defendants Omni owes specific duties to third persons based on the conduct of its employees.

17.    Defendants Omni deals with the public.  Defendants Omni has a duty to use reasonable care to select, retain and supervise employees such that they are competent and fit for the work assigned to them.

18.    Defendants Omni breached that duty by failing to supervise Sheffield and by failing to select an employee that does not have such proclivities.  That breach of duty caused injuries to the Plaintiff.

19.    Defendants Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendants Omni did not reasonably anticipate or take measures to protect its employees.

20.    Omni acted with gross indifference to the Plaintiff and to other employees by failing to properly supervise and discipline Sheffield.

21.    Defendants Omni's actions evince gross negligence.

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count I, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interest, costs, and all such just and further relief as the court deems just and proper.

## COUNT II

### NEGLIGENCE
### (Against Defendant Omni)

22.    Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

23.    Omni breached the standard of care in its employment practices and that breach caused the Plaintiff injuries.

24.    Defendant Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count II, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interest, costs, and all such just and further relief as the court deems just and proper.

## COUNT III

### ASSAULT
### (Against Defendants Omni and Sheffield)

25.    Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

26.    Defendants made intentional and unlawful attempts and threats, by words and acts, to do physical harm to the Plaintiff.

27.     Defendants Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

28.     The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendant's Omni's business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendant Omni.

29.     The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.


WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count III, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interests, costs, and all such just and further relief as the court deems just and proper.

## COUNT IV
### BATTERY
#### (Against Defendants Omni and Sheffield)

30.    Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

31.    The assault was an intentional act that caused harmful and offensive bodily contact with the Plaintiff.

32.    Defendants Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendants Omni did not reasonably anticipate or take measures to protect its employees.

33.    The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendants' Omni's business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendants Omni.

34.    The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count IV, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interests, costs, and all such just and further relief as the court deems just and proper.

## COUNT V
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendants Omni and Sheffield)

35.      Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

36.      Defendants engaged in extreme and outrageous conduct which was undertaken intentionally and with reckless disregard of the consequences. These actions caused the Plaintiff severe emotional distress.

37.      Defendants' actions were especially calculated to cause the Plaintiff serious emotional distress as evidenced from the very outrageousness of the Defendants' actions and omissions.

38.      Defendants Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

39.      The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendants' Omni's business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions

were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendant Omni.

40.     The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count V, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interests, costs, and all such just and further relief as the court deems just and proper.

## COUNT VI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendants Omni and Sheffield)

41.     Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

42.     Plaintiff sustained physical impact as a result of the ' negligent conduct of the Defendants, and Plaintiff was in the zone of danger. As a direct and proximate result thereof, Plaintiff suffered and continues to suffer emotional harm.

43.     Defendants Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should

have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

44.    The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendants' Omni's business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendants Omni.

45.    The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count VI, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interests, costs, and all such just and further relief as the court deems just and proper.

Respectfully submitted,
LIONEL CHAPMAN

By: *[signature]*
    Counsel

Clarence Connelly, Jr., Esq.
616 Ingraham Street, NW
Washington, DC 20011
Tel: (202) 445-3831

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

LIONEL CHAPMAN
37 South Broce Street
Laurel, Maryland 20224

      Plaintiff,

v.

OMNI SHOREHAM CORPORATION
D/B/A OMNI SHOREHAM HOTEL
2500 Calvert Street NW
Washington, DC 20008

      Serve: Resident Agent
      1090 Vermont Avenue, NW
      Washington, DC 20005,

OMNI HOTELS MANAGEMENT CORPORATION
2500 Calvert Street NW
Washington, DC 20008

      Serve: Resident Agent
      1090 Vermont Avenue, NW
      Washington, DC 20005,

And

ROLAND B. SHEFFIELD
2702 Wade Road, SE
Washington, DC 20020

D.C. Super. Ct.
Civil No.: 2008 CA 003359

U.S. District Court Civil
No.:_____

## AFFIDAVIT OF CARRIE COMBS

    I, Carrie Combs, do solemnly declare and affirm the following to be true and

correct under penalty of perjury:



EXHIBIT
B

304590.1

1.    I am over the age of 18 years old and I am competent to attest to the matters set forth herein.

2.    I am the Director of Human Resources for Omni Hotels Management Corporation at the Omni Shoreham Hotel.

3.    Omni Hotels Management Corporation is incorporated in Delaware and has its principal place of business in Irving, Texas.

4.    Omni Hotels Management Corporation is a distinct and separate entity from Omni Shoreham Corporation d/b/a Omni Shoreham Hotel.

5.    Omni Hotels Management Corporation is the employer of all Omni employees who work on the premises of the Omni Shoreham Hotel, including Lionel Chapman and Shielfield R. Brown, Sr.

6.    Omni Hotels Management Corporation hires and supervises the individual employees who work on the premises of the Omni Shoreham Hotel.

7.    Omni Shoreham Corporation does not employ, hire, train or supervise any individuals who work at the Omni Shoreham Hotel.

8.    Omni Shoreham Corporation owns the real estate associated with the Omni Shoreham Hotel.

9.    Omni Hotels Management Corporation does not employ any individuals by the name of Roland B. Sheffield.

10.    Based on information and belief, the individual involved in the May 12, 2007 incident with Lionel Chapman is Shielfield R. Brown, Sr.

11.    Shielfield R. Brown, Sr. resides in Alexandria, Virginia.

2

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING AFFIDAVIT IS TRUE AND CORRECT.**

_6-23-08_
Date

_Carrie Combs_
Carrie Combs

Subscribed and sworn to before me this _23_ day of June 2008.

_C. rinaldi_
Notary

My Commission Expires
May 14, 2013

My commission expires on _____

3

304590.1

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

LIONEL CHAPMAN

*Plaintiff*

VS.

OMNI HOTELS MANAGEMENT CORPORATION

*Defendant*

Civil Action No. 0003359-08

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

CLARENCE A. CONNELLY, JR.

Name of Plaintiff's Attorney

616 INGRAHAM STREET, N. W.

Address

WASHINGTON, DC 20011

(202) 445-3831

Telephone

By _____
Deputy Clerk

Date MAY 28, 2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C. 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS


EXHIBIT C

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

LIONEL CHAPMAN
37 SOUTH BROCE STREET
LAUREL MARYLAND 20224

    Plaintiff,

    v.

OMNI SHOREHAM CORPORATION
D/B/A OMNI SHOREHAM HOTEL
2500 CALVERT STREET NW
WASHINGTON DC 20008

    <u>SERVE: RESIDENT AGENT</u>
    CORPORATION SERVICE COMPANY
    1090 VERMONT AVENUE NW
    WASHINGTON DC 20005

OMNI HOTELS MANAGEMENT CORPORATION
2500 CALVERT STREET NW
WASHINGTON DC 20008

    <u>SERVE: RESIDENT AGENT</u>
    CORPORATION SERVICE COMPANY
    1090 VERMONT AVENUE NW
    WASHINGTON DC 20005

    &

ROLAND B SHEFFIELD
2702 WADE ROAD SE
WASHINGTON DC 20020

Case No.  <u>2008ca0003359</u>

### PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff LIONEL CHAPMAN, by and through counsel, Clarence Connelly, Jr. files this

civil action against Defendants OMNI SHOREHAM CORPORATION (D/B/A OMNI



Case: 2008 CA 003359 B

SHOREHAM HOTEL), OMNI HOTELS MANAGEMENT CORPORATION, and ROLAND B

SHEFFIELD on the grounds and in the amounts set forth herein:

## PRELIMINARY STATEMENT

This action arises out of an on the job assault.  Plaintiff asserts counts for negligent

supervision, negligence, negligent infliction of emotional distress, intentional infliction of

emotional distress, assault and battery.  Plaintiff seeks actual and punitive damages and costs.

## PARTIES

1.    Plaintiff Lionel Chapman is a resident of Maryland.

2.    Defendant Omni Shoreham Corporation (D/B/A Omni Shoreham Hotel) is a

Delaware Corporation that transacts business in the District of Columbia.

3.    Defendant Omni Hotels Management Corporation is a Delaware Corporation that

transacts business in the District of Columbia.

4.    Defendant Roland B. Sheffield resides in the District of Columbia.

## JURISDICTION

5.    This court has personal jurisdiction over the Defendants, pursuant to District of

Columbia Code § 13-423(a)(1) and § 13-423(a)(3), as Defendants reside and transacts business,

directly and/or through its agents, in the District of Columbia, and acted to give rise to a claim

for relief based upon business transactions in the District of Columbia.  Defendants also caused

the Plaintiff tortuous injury in the District of Columbia.

## FACTUAL ALLEGATIONS

6.    At all times relevant to this action, Plaintiff worked as an engineer for Defendants Omni Shoreham Corporation (D/B/A Omni Shoreham Hotel) and Omni Hotels Management Corporation (collectively referred to hereinafter as "Omni").

7.    ' On or about May 12, 2007, Plaintiff was attacked and assaulted by a coworker by the name of Roland B. Sheffield, an employee and agent of Omni who had also viciously attacked another employee on a prior occasion. The attack arose out of a dispute regarding work to be performed for Defendants Omni.

8.    The attack was so severe that Plaintiff lost consciousness. Plaintiff sustained injuries, including a facial contusion, severe swelling of his jaw, a concussion, cervical sprain, right shoulder sprain and lumbar strain. Plaintiff suffered excruciating pain in his jaw and mandible well after the attack.

9.    Plaintiff has been diagnosed with post concussion syndrome, and he has headaches, blurred vision and nausea. Since the assault, Plaintiff's speech is slower and his thinking is impaired. Plaintiff's friends and family have noticed a marked change in Plaintiff's personality since the attack. Plaintiff has now become fearful of others and in particular of the employee that savagely attacked him.

10.    Plaintiff suffered severe emotional and physical injuries as a direct and proximate cause of Defendants conduct for which he has sought professional treatment from several physicians and medical professionals.

11.    Defendants Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should

have reasonably anticipated and protected against his propensity for violence, yet Defendants did

not reasonably anticipate or take measures to protect its employees.

12.    The attack was triggered off, motivated and occasioned by a dispute over the

conduct - then and there - of Defendants' business, and at all times relevant to this action

Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions

were done in the prosecution of the business either impliedly or expressly entrusted to him by

Defendants Omni.

13.    The assault was committed in whole or in part to further Omni's business and was

an outgrowth of a job related controversy of the kind that they were employed to perform. It

occurred substantially within the authorized time and space limits. It was actuated, at least in

part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was

and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.

14.    As a result of Defendants' willful and wanton conduct, reckless disregard for

Plaintiff's rights, breaches of duty and actual malice, Plaintiff suffered damages for which he

seeks recompense in this action.


## COUNT I
### NEGLIGENT SUPERVISION
### (Against Defendant Omni)

15.    Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully

stated.

16.    Defendants Omni owes specific duties to third persons based on the conduct of its

employees.

17.   Defendants Omni deals with the public.  Defendants Omni has a duty to use reasonable care to select, retain and supervise employees such that they are competent and fit for the work assigned to them.

18.   Defendants Omni breached that duty by failing to supervise Sheffield and by failing to select an employee that does not have such proclivities.  That breach of duty caused injuries to the Plaintiff.

19.   Defendants Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendants Omni did not reasonably anticipate or take measures to protect its employees.

20.   Omni acted with gross indifference to the Plaintiff and to other employees by failing to properly supervise and discipline Sheffield.

21.   Defendants Omni's actions evince gross negligence.


WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count I, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interest, costs, and all such just and further relief as the court deems just and proper.

## COUNT II

### NEGLIGENCE
### (Against Defendant Omni)

22.    Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

23.    Omni breached the standard of care in its employment practices and that breach caused the Plaintiff injuries.

24.    Defendant Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count II, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interest, costs, and all such just and further relief as the court deems just and proper.

## COUNT III

### ASSAULT
### (Against Defendants Omni and Sheffield)

25.    Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

26.    Defendants made intentional and unlawful attempts and threats, by words and acts, to do physical harm to the Plaintiff.

27.    Defendants Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

28.    The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendant's Omni's business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendant Omni.

29.    The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count III, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interests, costs, and all such just and further relief as the court deems just and proper.

## COUNT IV

### BATTERY

#### (Against Defendants Omni and Sheffield)

30.    Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

31.    The assault was an intentional act that caused harmful and offensive bodily contact with the Plaintiff.

32.    Defendants Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendants Omni did not reasonably anticipate or take measures to protect its employees.

33.    The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendants' Omni's business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendants Omni.

34.    The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count IV, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interests, costs, and all such just and further relief as the court deems just and proper.

## COUNT V
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendants Omni and Sheffield)

35.     Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

36.     Defendants engaged in extreme and outrageous conduct which was undertaken intentionally and with reckless disregard of the consequences. These actions caused the Plaintiff severe emotional distress.

37.     Defendants' actions were especially calculated to cause the Plaintiff serious emotional distress as evidenced from the very outrageousness of the Defendants' actions and omissions.

38.     Defendants Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

39.     The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendants' Omni's business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions

were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendant Omni.

40.    The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.


WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count V, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interests, costs, and all such just and further relief as the court deems just and proper.


## COUNT VI
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendants Omni and Sheffield)

41.    Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

42.    Plaintiff sustained physical impact as a result of the ' negligent conduct of the Defendants, and Plaintiff was in the zone of danger. As a direct and proximate result thereof, Plaintiff suffered and continues to suffer emotional harm.

43.    Defendants Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should

have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

44.    The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendants' Omni's business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendants Omni.

45.    The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.


WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count VI, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interests, costs, and all such just and further relief as the court deems just and proper.

Respectfully submitted,
LIONEL CHAPMAN

By: _____
                Counsel

Clarence Connelly, Jr., Esq.
616 Ingraham Street, NW
Washington, DC 20011
Tel: (202) 445-3831

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

LIONEL CHAPMAN
_____
*Plaintiff*

vs.

ROLAND B. SHEFFIELD
_____
*Defendant*

Civil Action No. 0003359-08

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

CLARENCE A. CONNELLY, JR.
Name of Plaintiff's Attorney

616 INGRAHAM STREET, N. W.
Address

WASHINGTON, DC 20011

(202) 445-3831
Telephone

By _____
Deputy Clerk

Date MAY 28, 2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-454/Mar. 91   NOTE: SEE IMPORTANT INFORMATION ON BACK OF TI

Case: 2008 CA 003359 B
0003145693
Off : CIVAS

3921264 VANCES 05/30/2008 2:21:3  PG

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

LIONEL CHAPMAN

*Plaintiff*

vs.

OMNI SHOREHAM CORPORATION

Civil Action No. 0003359-08

*Defendant*

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

CLARENCE A. CONNELLY, JR.

Name of Plaintiff's Attorney

616 INGRAHAM STREET, N. W.

Address

WASHINGTON, DC 20011

(202) 445-3831

Telephone

By _____

Deputy Clerk

Date MAY 28, 2008

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT AVENUE, N.W., ROOM JM 170

Form CV(4)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

3921025 VANCES 05/30/2008 1:41:04

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

FILED
CIVIL ACTIONS BRANCH
MAY 0 2 2008
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

LIONEL CHAPMAN                     )
37 SOUTH BROCE STREET              )
LAUREL MARYLAND 20724              )          Case No.  0002359- 08  C3
                                   )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )
OMNI HOTELS MANAGEMENT CORPORATION )
D/B/A OMNI SHOREHAM HOTEL          )
2500 CALVERT STREET NW             )
WASHINGTON DC 20008                )
                                   )
        SERVE: RESIDENT AGENT      )
        CORPORATION SERVICE COMPANY)
        1090 VERMONT AVENUE NW     )
        WASHINGTON DC 20005        )
                                   )
&                                  )
                                   )
ROLAND B SHEFFIELD                 )
2702 WADE ROAD SE                  )
WASHINGTON DC 20020                )
_____    )

## COMPLAINT

Plaintiff LIONEL CHAPMAN, by and through counsel, Clarence Connelly, Jr. files this

civil action against Defendants OMNI HOTELS MANAGEMENT CORPORATION (D/B/A

OMNI SHOREHAM HOTEL) and ROLAND B SHEFFIELD on the grounds and in the amounts

set forth herein:



## PRELIMINARY STATEMENT

This action arises out of an on the job assault.  Plaintiff asserts counts for negligent supervision, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, assault and battery.  Plaintiff seeks actual and punitive damages and costs.

## PARTIES

1.     Plaintiff Lionel Chapman is a resident of Maryland.

2.     Defendant Omni Hotels Management Corporation (D/B/A Omni Shoreham Hotel) is a Delaware Corporation that transacts business in the District of Columbia.

3.     Defendant Roland B. Sheffield resides in the District of Columbia.

## JURISDICTION

4.     This court has personal jurisdiction over the Defendants, pursuant to District of Columbia Code § 13-423(a)(1) and § 13-423(a)(3), as Defendants reside and transacts business, directly and/or through its agents, in the District of Columbia, and acted to give rise to a claim for relief based upon business transactions in the District of Columbia.  Defendants also caused the Plaintiff tortuous injury in the District of Columbia.

## FACTUAL ALLEGATIONS

5.     At all times relevant to this action, Plaintiff worked as an engineer for Defendant Omni Hotels Management Corporation (D/B/A Omni Shoreham Hotel) (hereinafter "Omni").

6.     On or about May 12, 2007, Plaintiff was attacked and assaulted by a coworker by the name of Roland B. Sheffield, an employee and agent of Omni who had also viciously

2

attacked another employee on a prior occasion. The attack arose out of a dispute regarding work to be performed for Defendant Omni.

7.    The attack was so severe that Plaintiff lost consciousness. Plaintiff sustained injuries, including a facial contusion, severe swelling of his jaw, a concussion, cervical sprain, right shoulder sprain and lumbar strain. Plaintiff suffered excruciating pain in his jaw and mandible well after the attack.

8.    Plaintiff has been diagnosed with post concussion syndrome, and he has headaches, blurred vision and nausea. Since the assault, Plaintiff's speech is slower and his thinking is impaired. Plaintiff's friends and family have noticed a marked change in Plaintiff's personality since the attack. Plaintiff has now become fearful of others and in particular of the employee that savagely attacked him.

9.    Plaintiff suffered severe emotional and physical injuries as a direct and proximate cause of Defendants conduct for which he has sought professional treatment from several physicians and medical professionals.

10.    Defendant Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

11.    The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendant's Omni's business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendant Omni.

3

12.    The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.

13.    As a result of Defendants' willful and wanton conduct, reckless disregard for Plaintiff's rights, breaches of duty and actual malice, Plaintiff suffered damages for which he seeks recompense in this action.

## COUNT I
### NEGLIGENT SUPERVISION
### (Against Defendant Omni)

14.    Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

15.    Defendant Omni owes specific duties to third persons based on the conduct of its employees.

16.    Defendant Omni deals with the public. Defendant Omni has a duty to use reasonable care to select, retain and supervise employees such that they are competent and fit for the work assigned to them.

17.    Defendant Omni breached that duty by failing to supervise Sheffield and by failing to select an employee that does not have such proclivities. That breach of duty caused injuries to the Plaintiff.

18.    Defendant Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should

4

have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

19.    Omni acted with gross indifference to the Plaintiff and to other employees by failing to properly supervise and discipline Sheffield.

20.    Defendants Omni's actions evince gross negligence.

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count 1, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interest, costs, and all such just and further relief as the court deems just and proper.

## COUNT II

### NEGLIGENCE
### (Against Defendant Omni)

21.    Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

22.    Omni breached the standard of care in its employment practices and that breach caused the Plaintiff injuries.

23.    Defendant Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

5

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count II, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interest, costs, and all such just and further relief as the court deems just and proper.

### COUNT III
#### ASSAULT
#### (Against Defendants Omni and Sheffield)

24.     Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

25.     Defendants made intentional and unlawful attempts and threats, by words and acts, to do physical harm to the Plaintiff.

26.     Defendant Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

27.     The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendant's Omni's business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendant Omni.

28.     The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in

6

part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count III, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interests, costs, and all such just and further relief as the court deems just and proper.

### COUNT IV
### BATTERY
#### (Against Defendants Omni and Sheffield)

29.   Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

30.   The assault was an intentional act that caused harmful and offensive bodily contact with the Plaintiff.

31.   Defendant Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

32.   The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendant's Omni's business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendant Omni.

7

33.    The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count IV, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interests, costs, and all such just and further relief as the court deems just and proper.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendants Omni and Sheffield)

34.    Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

35.    Defendants engaged in extreme and outrageous conduct which was undertaken intentionally and with reckless disregard of the consequences. These actions caused the Plaintiff severe emotional distress.

36.    Defendants' actions were especially calculated to cause the Plaintiff serious emotional distress as evidenced from the very outrageousness of the Defendants' actions and omissions.

37.    Defendant Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should

8

have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

38.     The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendant's Omni's business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendant Omni.

39.     The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count V, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interests, costs, and all such just and further relief as the court deems just and proper.

9

## COUNT VI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
(Against Defendants Omni and Sheffield)

40.    Paragraphs five (5) through thirteen (13) are incorporated by reference as if fully stated.

41.    Plaintiff sustained physical impact as a result of Defendant's negligent conduct, and was in the zone of danger. As a direct and proximate result thereof, Plaintiff suffered and continues to suffer emotional harm.

42.    Defendant Omni knew of Defendant Roland B. Sheffield's proclivities and propensities towards violence against other employees based upon his prior conduct and should have reasonably anticipated and protected against his propensity for violence, yet Defendant Omni did not reasonably anticipate or take measures to protect its employees.

43.    The attack was triggered off, motivated and occasioned by a dispute over the conduct - then and there - of Defendant's Omni's business, and at all times relevant to this action Defendant Roland B. Sheffield was acting within the scope of his employment, and his actions were done in the prosecution of the business either impliedly or expressly entrusted to him by Defendant Omni.

44.    The assault was committed in whole or in part to further Omni's business and was an outgrowth of a job related controversy of the kind that they were employed to perform. It occurred substantially within the authorized time and space limits. It was actuated, at least in part, by a purpose to serve Omni. Sheffield's intentional use of force against the Plaintiff was and is not unexpected, for Omni has notice and knowledge of Sheffield's proclivities.

10

WHEREFORE, Plaintiff seeks that the Court enter judgment in his favor on Count VI, and award the Plaintiff One Million Dollars ($1,000,000.00) in punitive damages, and award actual damages in an amount to be proven at trial, plus prejudgment and post judgment interests, costs, and all such just and further relief as the court deems just and proper.

Respectfully submitted,
LIONEL CHAPMAN

By: _____
Counsel

Clarence Connelly, Jr., Esq. (#457100)
616 Ingraham Street, NW
Washington, DC 20011
Tel: (202) 445-3831

11

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

| | |
|---|---|
| LIONEL CHAPMAN | |
| *Plaintiff* | Civil Action No. ⟨0003359-08⟩ |
| VS. | |
| OMNI HOTELS MANAGEMENT CORP., ET AL. | |
| *Defendant* | |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| CLARENCE A. CONNELLY, JR. | |
| Name of Plaintiff's Attorney | By *Adrienne J. marsh* |
| 616 INGRAHAM STREET, NW | Deputy Clerk |
| Address | |
| WASHINGTON, DC 20011 | |
| (202) 445-3831 | Date MAY 2, 2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(A)-456/Mar. 93    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| | |
|---|---|
| LIONEL CHAPMAN | |
| *Plaintiff* | 0003350-08 |
| vs. | Civil Action No. |
| OMNI HOTELS MANAGEMENT CORP., ET AL. | |
| *Roland M. Sheffield* | |
| *Defendant* | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| | |
|---|---|
| CLARENCE A. CONNELLY, JR. | |
| Name of Plaintiff's Attorney | By *Adrienne J. Marsh* |
| 616 INGRAHAM STREET, NW | Deputy Clerk |
| Address | |
| WASHINGTON, DC 20011 | |
| (202) 445-3831 | Date MAY 2, 2008 |
| Telephone | |

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 98    NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

LIONEL CHAPMAN

Case Number: 0003359-08

vs

Date: MAY 2, 2008

OMNI HOTEL MANAGEMENT CORPORATION, ET AL.

| Name: (please print)   CLARENCE A. CONNELLY, JR. | Relationship to Lawsuit |
|---|---|
| Firm Name: | ☑ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.:                Six digit Unified Bar No.: | Other: _____ |
| (202) 445-3831            457100 | |

TYPE OF CASE: ☐ Non-Jury    ☑ 6 Person Jury    ☐ 12 Person Jury
Demand:$ 1,000,000.00          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____ Judge: _____ Calendar #: _____

Case No.: _____ Judge: _____ Calendar #: _____

---

NATURE OF SUIT:    (Check One Box Only)

**A. CONTRACTS**

COLLECTION CASES

| | | |
|---|---|---|
| ☐ 01 Breach of Contract | ☐ 07 Personal Property | ☐ 14 Under $25,000 Plff. Grants Consent |
| ☐ 02 Breach of Warranty | ☐ 09 Real Property-Real Estate | ☐ 16 Under $25,000 Consent Denied |
| ☐ 06 Negotiable Instrument | ☐ 12 Specific Performance | ☐ 17 OVER $25,000 |
| ☐ 15 _____ | | |

**B. PROPERTY TORTS**

| | | |
|---|---|---|
| ☐ 01 Automobile | ☐ 03 Destruction of Private Property | ☐ 05 Trespass |
| ☐ 02 Conversion | ☐ 04 Property Damage | ☐ 06 Traffic Adjudication |
| ☐ 07 Shoplifting, D.C. Code § 27-102(a) | | |

**C. PERSONAL TORTS**

| | | |
|---|---|---|
| ☐ 01 Abuse of Process | ☐ 09 Harassment | ☐ 17 Personal Injury – (Not |
| ☐ 02 Alienation of Affection | ☐ 10 Invasion of Privacy |      Automobile, Not Malpractice) |
| ☑ 03 Assault and Battery | ☐ 11 Libel and Slander | ☐ 18 Wrongful Death (Not malpractice) |
| ☐ 04 Automobile-Personal Injury | ☐ 12 Malicious Interference | ☐ 19 Wrongful Eviction |
| ☐ 05 Deceit (Misrepresentation) | ☐ 13 Malicious Prosecution | ☐ 20 Friendly Suit |
| ☐ 06 False Accusation | ☐ 14 Malpractice Legal | ☐ 21 Asbestos |
| ☐ 07 False Arrest | ☐ 15 Malpractice Medical (Including wrongful death) | ☐ 22 Toxic/Mass Torts |
| ☐ 08 Fraud | ☐ 16 Negligence-(Not Automobile, | ☐ 23 Tobacco |
| |      Not Malpractice) | |

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/July 07

INFORMATION SHEET,    Continued

| D. OTHERS | | |
|---|---|---|
| I. | ☐ 10 T.R.O./Injunction | ☐ 25 Liens: Tax/Water Consent Granted |
| ☐ 01 Accounting | ☐ 11 Writ of Replevin | ☐ 26 Insurance/Subrogation |
| ☐ 02 Att. Before Judgment | ☐ 12 Enforce Mechanics Lien | Under $25,000 Consent Denied |
| ☐ 04 Condemnation (Emin. Domain) | ☐ 16 Declaratory Judgment | ☐ 27 Insurance/Subrogation |
| ☐ 05 Ejectment | ☐ 17 Merit Personnel Act (OEA) | Over $25,000 |
| ☐ 07 Insurance/Subrogation | (D.C. Code Title 1, Chapter·6) | ☐ 28 Motion to Confirm Arbitration |
| Under $25,000 Pltf. | ☐ 18 Product Liability | Award (Collection Cases Only) |
| Grants Consent | ☐ 24 Application to Confirm, Modify, | ☐ 29 Merit Personnel Act (OHR) |
| ☐ 08 Quite Title | Vacate Arbitration Award· | ☐ 30 Liens: Tax/Water Consent Denied |
| ☐ 09 Special Writ/Warrants | (D.C. Co  de § 16-4315) | |
| DC Code § 11  -941 | | |
| II. | ☐ 15 Libel of Information | ☐ 21 Petition for Subpoena |
| ☐ 03 Change of Name | ☐ 19 Enter Administrative Order as | [Rule 28  -I (b)] |
| ☐ 06 Foreign Judgment | Judgment [D.C. Code § | ☐ 22 Release Mechanics Lien |
| ☐ 13 Correction of Birth Certificate | 2 -1802.03(h) or 32-1519(a)] | ☐ 23 Rule 27 (a)(1) |
| ☐ 14 Correction of Marriage | ☐ 20 Master Meter (D.C. Code § | (Perpetuate Testimony) |
| Certificate | 42 -3301, et seq.) | |

_____    _2 May 2008_____
Attorney's Signature                      Date

CV -496/July. 07



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

LIONEL CHAPMAN
Vs.                                         C.A. No.        2008 CA 003359 B
OMNI HOTELS MANAGEMENT CORPORATION et al

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MAURICE ROSS
Date:   May 2, 2008
Initial Conference: 9:00 am, Friday, August 01, 2008
Location:   Courtroom 415
            500 Indiana Avenue N.W.
            WASHINGTON, DC  20001

Caio.doc

ADL_...IDUM TO INITIAL ORDER AFFE_. .ING
ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to carlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

Lionel Chapman
37 South Broce Street
Laurel, Maryland 20224

**DEFENDANTS**

Omni Hotels Management Corporation
42 Decker Drive, Suite 100
Irving, Texas 75062

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF
LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Clarence A. Connelly, Jr., Esquire
1200 G Street, NW, Suite 800
Washington, DC 20005

Case: 1:08-cv-01084
Assigned To : Robertson, James
Assign. Date : 6/23/2008
Description: PI/Malpractice

---

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
◉ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ◉ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**

☐ 410 Antitrust

**◉ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☒ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)**     OR     **○ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| G. Habeas Corpus 2255 | Employment Discrimination | I. FOIA/PRIVACY ACT | J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans<br>(excluding veterans) |

| K. Labor/ERISA (non-employment) | L. Other Civil Rights (non-employment) | M. Contract | N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

○ 1 Original Proceeding    ⊗ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1364

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 100,000

JURY DEMAND:    YES ☐    NO ☒    Check YES only if demanded in complaint

## VIII. RELATED CASE(S) IF ANY

(See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE  6/23/2008    SIGNATURE OF ATTORNEY OF RECORD  Robert W. Goodin /KW

---

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


_Lionel  Chapman_

Plaintiff

v.                              Civil Action No.   **08  1084**

_Omni  Shoreham  Corp._
_____ ETAL                **JUN 2 3 2008**
Defendant


The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **ROBERTSON, J. JR.** All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

cc: _Clarence Connelly, Jr._

929A
Rev. 7/02