UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

LIONEL CHAPMAN
37 South Broce Street
Laurel, Maryland 20224

    Plaintiff,

v.

OMNI SHOREHAM CORPORATION
D/B/A OMNI SHOREHAM HOTEL               Civil Action No. 08-cv-1084
2500 Calvert Street NW                            Judge James Robertson, Jr.
Washington, DC 20008

    Serve: Resident Agent
    1090 Vermont Avenue, NW
    Washington, DC 20005,

OMNI HOTELS MANAGEMENT CORPORATION
2500 Calvert Street NW
Washington, DC 20008

    Serve: Resident Agent
    1090 Vermont Avenue, NW
    Washington, DC 20005,

And

ROLAND B. SHEFFIELD
2702 Wade Road, SE
Washington, DC 20020

---

**ANSWER OF DEFENDANT**
**OMNI HOTELS MANAGEMENT CORPORATION**

    COMES NOW, Defendant, Omni Hotels Management Corporation, (hereinafter

"defendant"), by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN &

305331.1

DICKER, LLP, and for an Answer to Plaintiff's First Amended Complaint filed herein, states as follows:

## PRELIMINARY STATEMENT

Defendant denies the allegations contained in the first sentence of the section labeled "Preliminary Statement."  Defendant admits that Plaintiff's First Amended Complaint purports to set forth causes of action for negligence supervision, negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, assault and battery.  Defendant further admits that Plaintiff's First Amended Complaint seeks actual and punitive damages and costs.

## PARTIES

1. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the First Amended Complaint.  According to the Federal Rules of Civil Procedure, the allegations are, therefore, deemed denied.

2. The allegations contained in paragraph 2 of the First Amended Complaint are conclusions of law, as to which no response is required.  To the extent the allegations in paragraph 2 are deemed to require an answer, defendant admits only that upon information and belief Defendant Omni Shoreham Corporation is a Delaware corporation.

3. The allegations contained in paragraph 3 of the First Amended Complaint are conclusions of law, as to which no response is required.  To the extent the allegations in paragraph 2 are deemed to require an answer, defendant admits only that Omni Hotels Management Corporation is a Delaware Corporation.

305331.1

4. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of the First Amended Complaint. According to the Federal Rules of Civil Procedure, the allegations are, therefore, deemed denied.

## JURISDICTION

5. The allegations contained in paragraph 5 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 5 are deemed to require an answer, defendant denies all of these allegations.

## FACTUAL ALLEGATIONS

6. Defendant admits only that Plaintiff Lionel Chapman was an employee of Omni Hotels Management Corporation on May 12, 2007. Defendant denies the remaining allegations in paragraph 6 of the First Amended Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the First Amended Complaint.

8. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of the First Amended Complaint. According to the Federal Rules of Civil Procedure, the allegations are, therefore, deemed denied.

9. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 of the First Amended Complaint. According to the Federal Rules of Civil Procedure, the allegations are, therefore, deemed denied.

10. The allegations contained in paragraph 10 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 10 are deemed to require an answer, defendant denies all of these allegations.

11. The allegations contained in paragraph 11 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 11 are deemed to require an answer, defendant denies all of these allegations.

12. The allegations contained in paragraph 12 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 12 are deemed to require an answer, defendant denies all of these allegations.

13. The allegations contained in paragraph 13 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 13 are deemed to require an answer, defendant denies all of these allegations.

14. The allegations contained in paragraph 14 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 14 are deemed to require an answer, defendant denies all of these allegations.

## COUNT I

### NEGLIGENT SUPERVISION
### (Against Defendant [sic] Omni)

15. In response to paragraph 15 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 5 through 13 above.

16. The allegations contained in paragraph 16 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the

305331.1

allegations in paragraph 16 are deemed to require an answer, defendant denies all of these allegations.

17.     The allegations contained in paragraph 17 of the First Amended Complaint are conclusions of law, as to which no response is required.  To the extent the allegations in paragraph 17 are deemed to require an answer, defendant denies all of these allegations.

18.     The allegations contained in paragraph 18 of the First Amended Complaint are conclusions of law, as to which no response is required.  To the extent the allegations in paragraph 18 are deemed to require an answer, defendant denies all of these allegations.

19.     The allegations contained in paragraph 19 of the First Amended Complaint are conclusions of law, as to which no response is required.  To the extent the allegations in paragraph 19 are deemed to require an answer, defendant denies all of these allegations.

20.     Defendant denies the allegations contained in paragraph 20 of the First Amended Complaint.

21.     The allegations contained in paragraph 21 of the First Amended Complaint are conclusions of law, as to which no response is required.  To the extent the allegations in paragraph 21 are deemed to require an answer, defendant denies all of these allegations.

## COUNT II

### NEGLIGENCE
### (Against Defendant Omni)

22.  In response to paragraph 22 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 5 through 13 above.

23.  The allegations contained in paragraph 23 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 23 are deemed to require an answer, defendant denies all of these allegations.

24.  The allegations contained in paragraph 24 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 24 are deemed to require an answer, defendant denies all of these allegations.

## COUNT III

### ASSAULT
### (Against Defendants Omni and Sheffield)

25.  In response to paragraph 25 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 5 through 13 above.

26.  The allegations contained in paragraph 26 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 26 are deemed to require an answer, defendant denies all of these allegations.

27.  The allegations contained in paragraph 27 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the

allegations in paragraph 27 are deemed to require an answer, defendant denies all of these allegations.

28. The allegations contained in paragraph 28 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 28 are deemed to require an answer, defendant denies all of these allegations.

29. The allegations contained in paragraph 29 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 29 are deemed to require an answer, defendant denies all of these allegations.

### COUNT IV

### BATTERY
**(Against Defendants Omni and Sheffield)**

30. In response to paragraph 30 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 5 through 13 above.

31. The allegations contained in paragraph 31 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 31 are deemed to require an answer, defendant denies all of these allegations.

32. The allegations contained in paragraph 32 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 32 are deemed to require an answer, defendant denies all of these allegations.

33. The allegations contained in paragraph 33 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 33 are deemed to require an answer, defendant denies all of these allegations.

34. The allegations contained in paragraph 34 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 34 are deemed to require an answer, defendant denies all of these allegations.

## COUNT V

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendants Omni and Sheffield)

35. In response to paragraph 35 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 5 through 13 above.

36. The allegations contained in paragraph 36 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 36 are deemed to require an answer, defendant denies all of these allegations.

37. The allegations contained in paragraph 37 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 37 are deemed to require an answer, defendant denies all of these allegations.

38. The allegations contained in paragraph 38 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the

305331.1

allegations in paragraph 38 are deemed to require an answer, defendant denies all of these allegations.

39. The allegations contained in paragraph 39 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 39 are deemed to require an answer, defendant denies all of these allegations.

40. The allegations contained in paragraph 40 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 40 are deemed to require an answer, defendant denies all of these allegations.

## COUNT VI

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### (Against Defendants Omni and Sheffield)

41. In response to paragraph 41 of the First Amended Complaint, Defendant incorporates by reference responses to paragraphs 5 through 13 above.

42. The allegations contained in paragraph 42 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 42 are deemed to require an answer, defendant denies all of these allegations.

43. The allegations contained in paragraph 43 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 43 are deemed to require an answer, defendant denies all of these allegations.

44. The allegations contained in paragraph 44 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 44 are deemed to require an answer, defendant denies all of these allegations.

45. The allegations contained in paragraph 45 of the First Amended Complaint are conclusions of law, as to which no response is required. To the extent the allegations in paragraph 45 are deemed to require an answer, defendant denies all of these allegations.

**FIRST AFFIRMATIVE DEFENSE**

The First Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiff's causes of action, if any, are barred by the applicable statute of limitations and/or laches.

**THIRD AFFIRMATIVE DEFENSE**

The plaintiffs' damages, if any, are the result of the plaintiff's own negligence, contributory negligence, assumption of the risk and / or failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, if any, are the result of actions, commissions, omissions or liabilities of others for whom these defendants are not legally responsible.

305331.1

## FIFTH AFFIRMATIVE DEFENSE

This defendant complied with the applicable standards of care and did not cause the injuries alleged.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are the result of superseding / intervening cause(s).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action may be barred by arbitration and award.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action may be barred be estoppel.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action may be barred by waiver.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action may be barred by release.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action may be barred by payment.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the District of Columbia Worker's Compensation laws and statutes.

## THIRTEENTH AFFIRMATIVE DEFENSE

This defendant will rely upon all affirmative defenses lawfully available to it, including, but not limited to, those already asserted herein.

WHEREFORE, based on the foregoing answers, these defendants request that judgment be entered in their favor, that all claims against them be dismissed with prejudice, that the Court award the costs and fees associated with the defense of this action and all other relief this Court deems just and proper.

Unless specifically admitted herein, all allegations of the Second Amended Complaint are denied. Defendant also reserves its right to assert any and all additional defenses as discovery is completed and the precise nature of plaintiff's claims is ascertained.

                                            Respectfully submitted,

                                            WILSON, ELSER, MOSKOWITZ,
                                            EDELMAN & DICKER LLP

By:    */s/ Robert W. Goodson*
       Robert W. Goodson (Bar # 935239)
       The Colorado Building
       1341 G Street, N.W., Suite 500
       Washington, D.C. 20005
       Tel.: (202) 626-7660
       Fax: (202) 628-3606
       *Counsel for Defendant Omni Hotels Management Corporation*

**Certificate of Service**

I hereby certify on this 30th day of June, 2008, I served by first class mail, postage prepaid the foregoing Answer of Defendant Omni Hotels Management Corporation upon the following:

>Omni Shoreham Corporation
>c/o Corporation Service Company
>1090 Vermont Avenue, N.W.
>Washington, D.C. 20005
>
>Roland B. Sheffield
>2702 Wade Road, SE
>Washington, DC 20020
>
>Shielfield R. Brown, Sr.
>6312 S Kings Highway
>Apartment T3
>Alexandria, VA 22306

In addition, a copy of the foregoing Answer of Defendant Omni Hotels Management Corporation was served electronically on the following:

>Clarence Connelly, Jr., Esq.
>Law Office of Clarence Connelly
>1200 G Street, NW
>Suite 800
>Washington, D.C. 20005
>(202) 445-3831
>*Counsel for Plaintiff*

>      */s/ Robert W. Goodson*
>     Robert W. Goodson

305331.1