**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **LIONEL CHAPMAN** | ) |
|  | ) |
|  | ) Civil Action No. 1:08-cv-01084-JR |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **OMNI HOTELS MANAGEMENT CORP., ET AL.** | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff LIONEL CHAPMAN, by and through counsel, Clarence A. Connelly, Jr. and the Law Offices of Clarence Connelly, files this Motion to Remand on the grounds and for the reasons set forth in the accompanying Memorandum in Support of Plaintiff's Motion to Remand.

WHEREFORE, Plaintiff seeks that this court remands this action back to the Superior Court for the District of Columbia and award the Plaintiff all attorney's fees and costs incurred in connection with remanding this action.

                                              Respectfully submitted,
                                              LIONEL CHAPMAN


                                              By:   /s/ Clarence Connelly, Jr.
                                                      Counsel

Clarence A. Connelly, Jr. (# 457100)
Law Offices of Clarence Connelly
1200 G Street, NW, Suite 800
Washington DC 20008
Tel: (202) 434-4517

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **LIONEL CHAPMAN**, ) | |
| ) | Civil Action No. 1:08-cv-01084-JR |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| **OMNI HOTELS MANAGEMENT CORP., ET AL.**) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND**

Plaintiff LIONEL CHAPMAN, by and through counsel, Clarence A. Connelly, Jr. and the Law Offices of Clarence Connelly, submits this Memorandum in Support of Plaintiff's Motion to Remand and avers:

**I. BACKGROUND**

Plaintiff sustained injuries when he was assaulted on the job by a co-worker over a job related dispute. Plaintiff filed this against the employee that assaulted him, who the United States Attorney for the US Department of Justice sent notice to the Plaintiff was named Roland B. Sheffield, and who public records identifies resides in the District of Columbia. Plaintiff also named as co-defendants his employers and owner of the hotel where the assault occurred, Omni Shoreham Management Corporation ("Omni Management") and Omni Shoreham Corporation (D/b/a Omni Shoreham Hotel) ("Omni"). Plaintiff has claims against all Defendants for assault, battery, and for intentional and negligent infliction of emotional distress. Plaintiff asserts claims for

negligent supervision and negligence against Defendant Omni Management and Defendant Omni. Plaintiff seeks compensatory and punitive damages.

On June 3, 2008, Plaintiff personally served Defendants Omni and Omni Management, but to date, Plaintiff has not served Defendant Sheffield. Defendants Omni and Omni Management filed a Notice of Removal to remove this action to the district court in accordance with 28 U.S.C. §§ 1441 and 1446. Sheffield has not joined in this removal.

For the reasons and on the grounds set forth herein this action should be remanded, because all of the Defendants have not joined in the removal as required for the court to remove this action. Furthermore, one of the named defendants resides in the District of Columbia which poses an absolute bar to the removal of this action to the district court. Further, none of the Defendants should be disregarded on the basis of fraudulent joinder. Defendants' attempts to remove this action was not grounded in law, so Plaintiff is entitled to all costs and fees incurred in remanding this action back to the Superior Court for the District of Columbia.

## II. ARGUMENT

This action should be remanded, as the Defendants are not entitled to remove this action. As detailed herein: (1) all of the Defendants have not joined in the removal as required to effect the removal of this action; (2) one of the Defendants resides in the District of Columbia, which poses an absolute bar to removal of this action; and (3) in this case there was no fraudulent joinder so none of the Defendants can be disregarded in assessing Defendant's right to remove this action. Accordingly, as detailed herein Defendants have no reasonable foundation for seeking removal, and therefore this action

should be remanded, and the Defendants ordered to pay all costs and attorney's fees incurred in remanding this action.

### A. All of the Defendants Have not Joined in the Removal Which is a Pre-Requisite to Maintaining this Action in the District Court:

An action cannot be removed to federal district court unless all defendants join in the notice of removal. *See Chicago, Rock Island and Pacific Railway Co. v. Martin*, 178 U.S. 245, 248, 20 S.Ct. 854, 855, 44 L.Ed. 1055 (1900)("[I]t is well settled that a removal could not be effected unless all parties on the same side of the controversy united in the petition."); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir.2006)("If the defendant can't convince his co-defendants to remove he's stuck in state court."); *McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651 (7th Cir. 1998)(noting requirement that *all* defendants must sign removal notice); *Vasquez v. North County Transit District*, 292 F.3d 1049 (9th Cir. 2002)(holding that removal is "procedurally defective" when some defendants do not join removal); *Landman v. Borough of Bristol,* 896 F. Supp. 406, 408 (E. D. Pa. 1995) (recognizing that "one defendant's attempt to speak on behalf of another defendant will not suffice."); *Creekmore v. Food Lion, Inc*., 797 F.Supp. 505, 509 (E. D. Pa. 1992) (holding that removal provisions of 28 U.S.C. § 1446 "requires all defendants, individually, or through their counsel, to voice their consent before the court, not through another's party's attorney"); *Moody v. Commercial Insurance Co. v. Newark*, 753 F.Supp. 198, 200 n.6 (N.D. Tex. 1990) (noting that each defendant must provide a written, timely statement of consent). Thus, the law is well settled on the issue.  All of the Defendants must join in the removal and expressly consent to the removal in order to maintain the action in federal court.  In this case there is no dispute that the Defendants who filed the

removal notice do not have the consent of the remaining defendant and that defendant has not joined in the removal, so Defendants are not entitled to have this action removed to the district court. Moreover, even if all of the Defendants did join in the removal, as Plaintiff now details, this action would still not be eligible for removal.

B.  **One of the Defendants is a Resident of the District of Columbia Which Poses an Absolute Bar to Removal:**

Defendants cite diversity as the basis for removal. However, an action cannot be removed on the basis of diversity if one of the named defendants is a resident of the state (or in this case the district) in which the claim was filed. *See Lincoln Property Co. v. Roche* 546 U.S. 81, 126 S.Ct. 606, 613, 163 L.Ed.2d 415 (2005); *see e.g. Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302 (11th Cir. 2001)("no defendant can be a citizen of the state in which the action was brought"); *Coury v. Prot*, 85 F.3d 244 (5th Cir.1996)("[A] defendant may not remove a state to federal court if a defendant is a citizen of the state in which the action is filed."); *Blackburn v. United Parcel Service, Inc.*, 179 F.3d 81 n. 3 (3dCir.1999)(noting that suit against defendant in a defendant's home state court that would meet the requirements for diversity jurisdiction is nevertheless not eligible for removal).

Defendant asserts that Sheffield is not a resident of the District of Columbia, but at this juncture that has not been established. The records that Plaintiff has reflects that he is a resident of the District of Columbia, and Sheffield has not challenged that. Defendants make allegations about his residence, but it has not been established that Sheffield is not a resident of the District of Columbia. Moreover, corporations are deemed citizens of the state where they reside *and* where they have a principal place of

business.  *See MacGinnitie v. Hobbs Group*, 420 F.3d 1234, 1239 (11th Cir. 2005). Defendants have not argued or presented any evidence to show that they are not citizens of the District of Columbia.  Plaintiff has bona fide information that Sheffield is a District of Columbia resident (and Omni and Omni Management may also be residents of the District).  This poses an absolute bar to having this action removed to the district court.

C. **None of the Defendants Should be Disregarded on the Basis of Fraudulent Joinder:**

Defendants attempt to use fraudulent joinder as a basis for the court to disregard Sheffield and Omni, but to prove fraudulent joinder Defendants have a heavy burden. *See e.g Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459,461 (2d Cir.1998)(noting that defendant bears heavy burden of proof on "fraudulent joinder").  Fraudulent joinder is when a plaintiff who has sued in state court joins a non diverse defendant against whom the plaintiff obviously has no cause of action under settled law.  *See Id. Pampillonia,* 138 F.3d 459, 460-461 (2d. Cir. 1998) (recognizing that it constitutes fraudulent joinder for the plaintiff to defeat defendant's right to remove by joining as defendants parties with no real connection to the controversy).  The purpose of such joinder is to prevent removal of the real case against a diverse defendant.

In this case there is no settled law that would eviscerate the right of the Plaintiff to bring his causes of action against all of the named defendants.  All of the named defendants have a nexus and real connection to the controversy and were not simply added to defeat federal jurisdiction.  Defendants argue that Roland B. Sheffield is not the proper Defendant.  However, at this juncture and in light of the public records, this is not sufficient for the court to disregard Sheffield on the basis of fraudulent joinder.  Plaintiff

did not name name Sheffield as a defendant to defeat federal jurisdiction. He did so because the United State's Attorney notified him was the name of the person who assaulted him. Public records reflects that he resides in the District of Columbia. Even if this proves not to be the case, this does not constitute fraudulent joinder. The only way for the Defendant to establish fraudulent joinder would be to show that the Plaintiff added a sham defendant with no connection to this action in order to defeat federal jurisdiction. *See Mayes v. Rapaport*, 198 F.3d 457, 461-463 (4th Cir. 1999). This is certainly not the case here.

Defendants' assertions in its removal notice that Defendant Omni is not a proper Defendant does not establish fraudulent joinder. Plaintiff has valid claims that he has a right to assert against both Defendant Omni and Omni Management under theories of respondent superior and/or agency and/or as joint tortfeasors. Under any of these theories, Defendant Omni is a proper Defendant who shares liability for the damages and injuries that give rise to this action. These claims are not at all frivolous or insubstantial, so they do not constitute fraudulent joinder. *See In re Briscoe*, 448 F.3d 201, 218 (3d Cir.2006)("Unless the claims against the non-diverse defendant's could be deemed wholly insubstantial and frivolous... the joinder could not be considered fraudulent.")

In light of the foregoing, Defendants' attempt to remove this action was clearly improper ab initio, and Defendants had no reasonable foundation for seeking removal based upon applicable case law. Thus, Plaintiff is entitled to all costs, expenses and fees incurred in remanding this action. *See* 28 U.S.C. § 1447(c).

## II. CONCLUSION

Plaintiff seeks that this court remands this action back to the Superior Court for the District of Columbia and award the Plaintiff all attorney's fees and costs incurred in connection with remanding this action.

Respectfully submitted,
LIONEL CHAPMAN


By:   /s/ Clarence Connelly, Jr.
        Counsel

Clarence A. Connelly, Jr. (# 457100)
Law Offices of Clarence Connelly
1200 G Street, NW, Suite 800
Washington DC 20008
Tel: (202) 434-4517

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **LIONEL CHAPMAN** | ) |
|  | ) |
|  | ) Civil Action No. 1:08-cv-01084-JR |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| **OMNI HOTELS MANAGEMENT CORP., ET AL.** | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## **ORDER**

Having fully considered Plaintiff's Motion to Remand, opposition thereto, and good having been shown, it is hereby this _____ day of _____, 2008,

ORDERED THAT Plaintiff's Motion to Remand is GRANTED.

_____
JAMES ROBERTSON
UNITED STATES DISTRICT COURT JUDGE

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2008, I served a true and accurate copy of the foregoing Plaintiff's Motion to Remand, Memorandum in Support of Plaintiff's Motion to Remand, and proposed Order by US Mail postage prepaid to:

Roland B. Sheffield
2702 Wade Road, SE
Washington DC 20020
*Defendant*

---
CLARENCE CONNELLY JR, ESQ.