IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **LIONEL CHAPMAN**   Plaintiff,  v.  **OMNI HOTELS MANAGEMENT CORP., ET AL.**   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 1:08-cv-01084-JR |

### PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES

Plaintiff LIONEL CHAPMAN, by and through counsel, Clarence A. Connelly, Jr. and the Law Offices of Clarence Connelly, files this Motion for Costs and Attorney's Fees on the grounds and for the reasons detailed in the accompanying Memorandum in Support of Plaintiff's Motion for Costs and Attorney's Fees.

WHEREFORE, Plaintiff seeks that this court grants Plaintiff's Motion for Costs and Attorney's Fees and award the Plaintiff all attorney's fees and costs incurred in connection with remanding this action.

Respectfully submitted,
LIONEL CHAPMAN

By:   /s/ Clarence Connelly, Jr.
        Counsel

Clarence A. Connelly, Jr. (# 457100)
Law Offices of Clarence Connelly
1200 G Street, NW, Suite 800
Washington DC 20005
Tel: (202) 434-4517

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **LIONEL CHAPMAN** | ) Civil Action No. 1:08-cv-01084-JR |
| Plaintiff, | ) |
| v. | ) |
| **OMNI HOTELS MANAGEMENT CORP., ET AL.** | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES

Plaintiff LIONEL CHAPMAN, by and through counsel, Clarence A. Connelly, Jr. and the Law Offices of Clarence Connelly, submits this Memorandum in Support of Plaintiff's Motion for Costs and Attorney's Fees and avers:

### I. BACKGROUND

Defendants Omni and Omni Management attempted to remove this action to the district court. Plaintiff filed a motion to remand and *inter alia* requested attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). In that motion Plaintiff expressly averred that Defendants' attempt to remove this action was improper *ab initio*, that the Defendants had no reasonable foundation for seeking removal based upon applicable case law, and that because of this Plaintiff was entitled to all costs, expenses and fees incurred in remanding this action. Defendant's consented to Plaintiff's Motion to Remand, and in their consent motion Defendants did not oppose Plaintiff's request for attorney's fees and costs, nor did the Defendants in their motion challenge Plaintiff's right to costs.

On July 16, 2008, the Court entered an Order remanding this action. Plaintiff's counsel informed Defendants' counsel that he would be seeking all costs and attorney's fees incumbent to remanding this action, and Plaintiff now does so.

## II. ARGUMENT

Plaintiff is entitled to all costs and attorney's fees incurred in connection with remanding this action under 28 U.S.C. § 1447(c). As Plaintiff detailed in his motion to remand, Defendants' attempts to remove this action were void *ab initio* because all of the Defendants did not join in the removal, one of the Defendants is a resident of the District of Columbia, and there was no fraudulent joinder. Defendants consented to Plaintiff's motion. They did not oppose any of the allegations therein.

Allegations in a motion that are not opposed are deemed admitted *See Nails v. England,* 311 F.Supp.2d 116 (2004) (finding that if an opposing party fails to file an opposition within the time alloted court may deem motion as conceded); *see e.g. Weil v. Seltzer*, 277 U.S. App.DC. 196, 873 F.2d 1453, 1459 (D.C. Cir. 1989) (same); *National Voter Contact, Inc. v. Versace*, 511 A.2d 393 (DC 1986) (applying DC Rules of Civil Procedure).

Defendants did not submit any opposition to Plaintiff's motion or request for costs and attorney's fees under 28 U.S.C. § 1447(c). Defendants did not state in their motion that it was consenting to remand but opposing Plaintiff's requests for costs, nor did the Defendants state in their proposed order that "each side should pay their own costs" as is the usual practice to preclude payment of the costs of an opposing party. Plaintiff is entitled to seek costs as the removing party so long as he meets the requisite standard to obtain costs. In his motion for remand, Plaintiff detailed all of these basis, and

Defendants did not oppose any of them.  Accordingly, Plaintiff requests that the court enter an order that the Defendant to pay all of the attorney's fees incurred in remanding this action in the amount of $2,650.00.

## II. CONCLUSION

Plaintiff seeks that this court grants Plaintiff's Motion for Costs and Attorney's Fees and award the Plaintiff all attorney's fees and costs incurred in connection with remanding this action.

Respectfully submitted,
LIONEL CHAPMAN


By:   /s/ Clarence Connelly, Jr.
        Counsel

Clarence A. Connelly, Jr. (# 457100)
Law Offices of Clarence Connelly
1200 G Street, NW, Suite 800
Washington DC 20005
Tel: (202) 434-4517

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **LIONEL CHAPMAN** | ) Civil Action No. 1:08-cv-01084-JR |
| Plaintiff, | ) |
| v. | ) |
| **OMNI HOTELS MANAGEMENT CORP., ET AL.** | ) |
| Defendants. | ) |

### ORDER

Having fully considered Plaintiff's Motion for Costs and Attorney's Fees, opposition thereto, and good cause having been shown it is hereby this _____ day of _____, 2008,

ORDERED That Plaintiff's Motion for Costs and Attorney's Fees is GRANTED.

_____
JAMES ROBERTSON
United States District Court Judge