UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

LIONEL CHAPMAN

    Plaintiff,

v.

OMNI SHOREHAM CORPORATION
D/B/A OMNI SHOREHAM HOTEL,       Civil No. 08-cv-1084-JR
                                                                                         Judge James Robertson

OMNI HOTELS MANAGEMENT CORPORATION,

And

ROLAND B. SHEFFIELD,

    Defendants.

---

**DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S
OPPOSITION TO PLAINTIFF'S MOTION
FOR COSTS AND ATTORNEY'S FEES**

COMES NOW, Defendant Omni Hotels Management Corporation ("Defendant"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and the Local Rules, and opposes Plaintiff's Motion for Costs and Attorney's Fees as its removal was objectively reasonable, therefore an award of costs and fees is unwarranted. In support of its opposition, Defendant states as follows:

**INTRODUCTION**

Plaintiff filed his Motion for Remand on July 5, 2008, in which Defendant for the first time became aware of a document naming "Roland B. Sheffield" as the individual

who allegedly attacked Plaintiff Lionel Chapman ("Plaintiff") and is the purported defendant. This document, which contradicts Defendant's affidavit of June 23, 2008, identifying the proper individual defendant, created a dispute of a jurisdictional fact. While Defendant maintains that its records clearly evidence that "Roland B. Sheffield" is an incorrectly identified party, Defendant consented to the remand only due to its understanding that in ruling on a removal based on fraudulent joinder, the Court will resolve all disputes of fact and law in favor of the plaintiff. *Brown v. Brown & Williamson Tobacco Corp.*, 26 F.Supp.2d 74, 77 (D.D.C. 1998). In light of the parties' obligations under Local Rule 16.3, the impending scheduling conference, and the likelihood of a hearing on Plaintiff's Motion to Remand, Defendant consented to the remand to avoid any unnecessary costs incurred by either party or motions practice before this Court.

Counsel for Plaintiff and counsel for Defendant engaged in several phone conversations prior to filing the Consent Notice of Remand on July 11, 2008. In fact, the filing of the Consent Notice of Remand was delayed by the inability of the parties to agree on the issue of attorney's fees and costs. In the penultimate conversation prior to filing the Consent Notice of Remand, Defendant informed Plaintiff of its belief that an award of costs and/or fees was inappropriate in this action based on the facts and law as presented below, and would therefore not consent to the payment of any fees or costs. Plaintiff's counsel indicated that he was uncertain as to his position on the fees and costs issue but that in the interim, Defendant could forward a draft of the Consent Notice of Remand to his attention for his review. On July 11, 2008, counsel for the Defendant received a phone call from Plaintiff's counsel stating that the Consent Notice of Remand

could be filed "as is" with no additional indication of the intent to pursue attorney's fees. In light of the agreed upon remand, Defendant did not file an opposition based on the belief that this issue was moot.

However, as provided in the Consent Notice to Remand, Defendant did not waive the arguments presented in its Notice of Removal and maintains that the Omni Shoreham Corporation and Roland B. Sheffield were fraudulently joined in this action. Defendant's consent to the remand served only as a recognition of the standards utilized by the federal courts in reviewing a removal action and the presentation of new evidence by the Plaintiff. Defendant rejects any contention that it impliedly consented to an award of attorney's fees and costs and further submits such an award is wholly unsupported in the instant matter.

**ARGUMENT**

Defendant's Notice of Removal, supported by fact and law, was reasonable at the time of filing and does not warrant an award of fees or costs to Plaintiff. Furthermore, Plaintiff's Motion is properly denied as it is absent of any evidence or law sufficient to meet the standard for imposition of fees and costs under 28 U.S.C. § 1447(c).

**I.      Standard for Awarding Attorney's Fees Under 28 USC § 1447(c).**

This Court has found that the award of attorney's fees pursuant to 28 USC § 1447(c) is "appropriate only when the nonremovability of the action is obvious." *Yazdani v. Access ATM*, 457 F.Supp.2d 36, 37 (D.D.C. 2006) (citing *Ibrahim v. 1417 N Street Associated, L.P.,* 950 F.Supp. 406, 408 (D.D.C. 1997)). The Court has also noted that it is "reluctant to award costs and attorney fees in the absence of evidence of either a frivolous filing or bad faith." *Ibrahim*, 950 F.Supp. at 408. In addition, the Supreme

Court recently provided that a request for fees should be denied where an objectively reasonable basis for removal exists. *Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005). In that unanimous opinion, Justice Roberts explained that the decision concerning imposition of fees should "recognize the desire to deter removal sought for the purpose of prolonging litigation and imposing costs on the opposing party." *Id.* at 140.

## II.  Defendant's Removal Was Reasonable.

As Defendant had an objectively reasonable basis for removal based on the face of the pleadings, Plaintiff's Motion should be denied pursuant to the standards provided by this Court and the United States Supreme Court for imposition of fees and costs under 28 U.S.C. § 1447(c).

### A.  Removability was Obvious from Face of Pleadings.

In the present case, Defendant was able to ascertain that the case was removable from the face of the First Amended Complaint. As provided in Defendant's Notice of Removal, Defendant identified that "Roland B. Sheffield" is <u>not</u> the individual who allegedly attacked Plaintiff on May 12, 2007. Further, based on Defendant's records, the proper individual resides in the Commonwealth of Virginia, thereby protecting the diversity requirements for federal jurisdiction. The inaccuracy of the identity of the individual defendant is corroborated by the fact that Plaintiff has not served him nor has he provided adequate address information. *See* Returned Service Envelope to Roland B. Sheffield marked "Insufficient Address", a copy of which is attached hereto as Exhibit 1. Defendant submitted an affidavit along with the Notice of Removal providing the correct identity and residence of the individual defendant. *See* Exhibit B to Defendant's Notice

of Removal. However, at the time of filing its Notice of Removal, Defendant was unaware of the existence of the U.S. Attorney General report providing the wrong name of the alleged attacker. In recognition that this document created a dispute of fact, Defendant consented to the remand based on the new information. Therefore, at the time of filing the Notice of Removal, Defendant could not have known that a document existed that would create a dispute of fact regarding the identity of the individual defendant and thus its removal was reasonable at that time.

Not only was the erroneous naming of Roland Sheffield apparent from the face of the pleadings, but the impropriety of naming of the Omni Shoreham Corporation was as well. Defendant, as the sole employer of the individuals involved in this incident, was immediately aware that the Omni Shoreham Corporation does not employ any of the Omni employees working at the Omni Shoreham Hotel. Moreover, as an employee, Plaintiff should have been aware that the proper identity of his employer was Defendant Omni Hotels Management Corporation. Notably, Plaintiff amended his original complaint, which named his employer Omni Hotels Management Corporation as the only corporate defendant, to add Omni Shoreham Corporation almost four weeks after filing with the Superior Court for the District of Columbia. *See* D.C. Superior Court Docket Sheet for Case No. 2008 CA 003359 B, attached hereto as **Exhibit 2**. This supports Defendant's position that Plaintiff was aware of his employer's identity and as such, fraudulently joined the Omni Shoreham Corporation as his employer. *See* First Amended Complaint at ¶ 6.

As demonstrated in Plaintiff's First Amended Complaint, all of his claims are based on respondeat superior or a breach of alleged duties concerning employment

practices, hiring, training and supervision. Plaintiff declined to allege a single count against the corporate defendants that is not based on the employment of the alleged attacker. *See generally* Complaint. Thus, Defendant provided the substantive law applicable to Plaintiff's claims in its Notice of Removal, demonstrating that the imposition of any duty in tort or liability based on respondeat superior for each of Plaintiff's claims, as pled, requires an employment relationship with the alleged attacker. Therefore, as the Omni Shoreham Corporation does not employ any of the Omni employees at the Omni Shoreham Hotel, Plaintiff's Complaint failed to state any possible cause of action against the Omni Shoreham Corporation, thereby meeting the first prong of the fraudulent joinder test provided in *Brown*. 26 F.Supp.2d at 76-77.[1]

As these facts were immediately ascertainable to Defendant from face of the First Amended Complaint, Defendant filed its notice of removal within thirty days of service based on the fraudulent joinder of these two defendants. There is no evidence of improper motive to delay proceedings or impose costs on the opposing party as discussed in *Martin*. Thus, Plaintiff's conclusory allegations regarding the alleged impropriety of Defendant's Notice of Removal not only fail to refute the substantive law and facts set forth in Defendant's Notice of Removal, but also are completely absent of any grounds to justify the imposition of fees and costs. Accordingly, Plaintiff's Motion is properly denied.

---

[1] Plaintiff's Motion to Remand states only that it may have a cause of action against Omni Shoreham Corporation on the basis of agency, respondeat superioir, or as a joint tortfeasor. Memorandum of Points in Support of Plaintiff's Motion to Remand at 6. Plaintiff's Motion fails to address the verified facts offered in Defendant's affidavit that Omni Shoreham Corporation is not the employer of Plaintiff, precluding any respondeat superior or agency liability. Further, Plaintiff's knowledge of his own employer, and consequently the employer of his colleague, discharges any arguments regarding apparent agency. Thus, Plaintiff has failed to offer a single fact or legal proposition to support his position and depict the alleged unreasonableness of Defendant's grounds for removal.

**B.    Defendant's removal was reasonable at the time of filing as once Defendant realized the action was removable, it only had thirty days in which to remove or else waive its right to do so.**

28 U.S.C. § 1446 (b) provides that a case must be removed within thirty days of the service of the initial pleading. The District of Columbia applies the intermediate or "McKinney Rule" in cases with multiple defendants. *Phillips v. Corrections Corp. of America, et al.,* 407 F.Supp.2d. 18, 21 (D.D.C. 2005). This rule requires that a defendant file its Notice of Removal within thirty days of service of the initial pleading and permits the co-defendants to join within thirty days of being served. *Id*. However, once the initial defendant has missed its deadline for filing a notice of removal, it may not consent to a later removal by a co-defendant, thereby destroying the requisite unanimity. *Id*.

28 U.S.C. § 1446 (b) further provides, that if the case is not initially removable, a notice of removal may be "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446 (b). However, the statute puts a one-year limitation on removal from the commencement of the action in cases based on diversity jurisdiction under 28 U.S.C. § 1332. While this Circuit has not explicitly addressed the issue, other circuits have held that the one year limitation applies only to those cases that are not initially removable. *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 535 (6th Cir. 1999).

Upon receipt of the First Amended Complaint, Defendant, a resident of Texas and Delaware for jurisdictional purposes, became aware that none of the "properly joined" defendants were citizens of the forum state or the same state as the plaintiff. Therefore,

7

Defendant was aware of the removability at the time of service. Possessing this knowledge, had Defendant not filed the Notice of Removal at that time, it may have waived its right to remove or consent to removal by a later-served party.[2] Thus, within the time permitted by the statute, Defendant submitted its Notice of Removal stating its grounds for doing so. Through inclusion of its affidavit containing the accurate identity of the proper individual defendant and of the employer of the individuals involved, Defendant believed that it could meet the test prescribed for fraudulently joined parties. Defendant deemed its affidavit to contain only facts that could not be disputed by Plaintiff. There was nothing improper or unreasonable in Defendant's action to preserve its right to removal which it believed to be supported by facts and law.

In light of the support Defendant provided as its grounds for removal and the alternative of possible waiver of its right to remove, Defendant's removal was reasonable at the time it was filed and Plaintiff's motions fail to refute the facts or law that support Defendant's position. In consideration of the above, Plaintiff is not entitled to fees and costs under 28 U.S.C. § 1447(c).

### III.    Consent

Plaintiff's contention that the failure of all the defendants to join in the removal is an error requiring remand is unmeritorious. Most courts disregard the fraudulently joined parties for the purposes of compliance with 28 U.S.C. § 1446(a). *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *see also Balazik v. County of*

---

[2] In determining the untimeliness of removal after a resident-defendant was dismissed, this Court even noted that the defendants could have filed a notice of removal stating fraudulent joinder as the grounds prior to the expiration of its time for filing removal, but chose not to do so, thereby nullifying their later removal argument alleging the fraudulent joinder of a party. *Newman v. Brent*, No. 97-1647, 1998 U.S. Dist. LEXIS 10476 at *9-10 (D.D.C. July 8, 1998).

*Dauphin,* 44 F.3d 209, 213 (3d Cir. 1995); see also *Jernigan v. Ashland Oil*, 989 F.2d 812, 815 (5th Cir. 1993). The Fifth Circuit explained that "[i]n cases involving-alleged improper or fraudulent joinder of parties…application of this [unanimity] requirement would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan v. Ashland Oil*, (5th Cir. 1993). Furthermore, unserved defendants need not join in removal. *Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 60 (D.D.C. 2003).

In the instant matter, Defendant details in its Notice of Removal its position that both Omni Shoreham Corporation and Roland B. Sheffield are fraudulently joined, and therefore not "properly joined" parties in the action. Therefore, Defendant did not need or seek the consent of these parties as the grounds for removal, in part, arose from their fraudulent joinder. This position regarding the fraudulent joinder of these parties is abundantly clear in Defendant's Notice of Removal. Plaintiff's claim that all defendants did not join in the removal fails in the face of Defendant's patent argument that there are no other properly joined defendants to this action. In addition, Roland Sheffield has never been served and therefore his consent is not required on that basis alone. Thus, Plaintiff's assertions that Defendant failed to secure the consent of the other defendants cannot stand and Plaintiff's Motion for fees and costs in connection with the consensual remand must be denied.

**<u>CONCLUSION</u>**

In consideration of the reasonableness of Defendant's removal at the time of filing as stated above and supported in its Notice of Removal and Plaintiff's failure to demonstrate the unreasonableness of Defendant's position, Defendant submits that

9

Plaintiff is not entitled to costs and fees under 28 U.S.C. § 1447 (c) and respectfully requests that this Court enter an Order denying Plaintiff's Motion.

                                            Respectfully submitted,

                                            WILSON, ELSER, MOSKOWITZ,
                                            EDELMAN & DICKER LLP

By:     */s/ Robert W. Goodson*_____
       Robert W. Goodson (Bar # 935239)
       The Colorado Building
       1341 G Street, N.W., Suite 500
       Washington, D.C. 20005
       Tel.: (202) 626-7660
       Fax: (202) 628-3606
       *Counsel for Defendant Omni Hotels*
       *Management Corporation*

**Certificate of Service**

I hereby certify on this 23rd day of July, 2008, I served by first class mail, postage prepaid the foregoing Defendant Omni Hotels Management Corporation's Opposition to Plaintiff's Motion for Costs and Attorney's Fees upon the following:

>Roland B. Sheffield
>2702 Wade Road, SE
>Washington, DC 20020

In addition, a copy of the foregoing Defendant Omni Hotels Management Corporation's Opposition to Plaintiff's Motion for Costs and Attorney's Fees was served electronically on the following:

>Clarence Connelly, Jr., Esq.
>Law Office of Clarence Connelly
>1200 G Street, NW
>Suite 800
>Washington, D.C. 20005
>(202) 445-3831
>*Counsel for Plaintiff*

>____/s/ Robert W. Goodson_____
>Robert W. Goodson

307933.1






| 2008 CA 003359 B CHAPMAN, LIONEL Vs. OMNI HOTELS MANAGEMENT CORPORATION |
|---|

| File Date | 05/02/2008 | Case Status | Closed | Case Status Date | 05/02/2008 |
|---|---|---|---|---|---|
| | | Case Disposition | Notice of Removal To USDC | Case Disposition Date | 06/24/2008 |

### Party Information

| Party Name | Party Alias(es) | Party Type | Attorney(s) | Attorney Phone |
|---|---|---|---|---|
| CHAPMAN, LIONEL | | PLAINTIFF | CONNELLY, JR, Mr CLARENCE A | (202)445-3831 |
| OMNI HOTELS MANAGEMENT CORPORATION | OMNI SHOREHAM HOTEL | Defendant | GOODSON, Mr ROBERT W | (410)539-1800 |
| SHEFFIELD, ROLAND B | | Defendant | | |
| OMNI SHOREHAM CORPORATION | OMNI SHOREHAM HOTEL | Defendant | | |

### Financial Entries

| Receipt # | Date | Received From | | Amount Paid |
|---|---|---|---|---|
| 105223 | 05/28/2008 | CONNELLY Jr, Mr CLARENCE A | | 20.00 |
| | Payment | | Fee | |
| | Check | 20.00 | Cost | 20.00 |
| Receipt # | Date | Received From | | Amount Paid |
| 103162 | 05/02/2008 | CONNELLY Jr, Mr CLARENCE A | | 120.00 |
| | Payment | | Fee | |
| | Check | 120.00 | Cost | 120.00 |

### Docket Entries

| Date | Text |
|---|---|
| 07/02/2008 | Notice of Hearing Mailed Next Business Day Notice Of Removal Sent on: 07/02/2008 08:50:24 |
| 06/24/2008 | Event Resulted: The following event: Initial Scheduling Conference-60 scheduled for 08/01/2008 at 9:00 am has been resulted as follows: Result: Event Not Held Case Dismissed Judge: ROSS, MAURICE Location: Courtroom 415 |
| 06/24/2008 | Notice of Removal to USDC for The District of Columbia # |
| 06/24/2008 | Additional eFiling Document to Notice of Filing of Notice of Removal Filed. submitted 06/24/2008 11:54. tw Attorney: GOODSON, Mr ROBERT W (935239) OMNI HOTELS MANAGEMENT CORPORATION (Defendant); |
| 06/24/2008 | Notice of Filing of Notice of Removal Filed. submitted 06/24/2008 11:54. tw Attorney: GOODSON, Mr ROBERT W (935239) OMNI HOTELS MANAGEMENT CORPORATION (Defendant); |
| 05/29/2008 | Issue Date: 05/29/2008 Service: Summons Issued Method: Service Issued Cost Per: $ OMNI SHOREHAM CORPORATION 2500 Calvert Street NW WASHINGTON, DC 20008 |

EXHIBIT 2

| | |
|---|---|
| | Tracking No: 5000048792 |
| 05/28/2008 | Alias Summons Issued on Omni Shoreham Corporation |
| 05/28/2008 | Alias Summons Issued on Roland B. Sheffield Filed Attorney: CONNELLY Jr, Mr CLARENCE A (457100) ROLAND B SHEFFIELD (Defendant); Receipt: 105223 Date: 05/28/2008 |
| 05/28/2008 | Alias Summons Issued on Omni Hotels Management Corporation Filed Attorney: CONNELLY Jr, Mr CLARENCE A (457100) OMNI HOTELS MANAGEMENT CORPORATION (Defendant); Receipt: 105223 Date: 05/28/2008 |
| 05/28/2008 | Amended Complaint Adding a Party Filed Attorney: CONNELLY Jr, Mr CLARENCE A (457100) LIONEL CHAPMAN (PLAINTIFF); |
| 05/02/2008 | Issue Date: 05/02/2008 Service: Summons Issued Method: Service Issued Cost Per: $ OMNI HOTELS MANAGEMENT CORPORATION 2500 Calvert Street NW WASHINGTON, DC 20008 Tracking No: 5000047926 SHEFFIELD, ROLAND B 2702 Wade Road SE WASHINGTON, DC 20020 Tracking No: 5000047927 |
| 05/02/2008 | Event Scheduled Event: Initial Scheduling Conference-60 Date: 08/01/2008 Time: 9:00 am Judge: ROSS, MAURICE Location: Courtroom 415 Result: Event Not Held Case Dismissed |
| 05/02/2008 | Complaint for Assault and Battery Filed Attorney: CONNELLY Jr, Mr CLARENCE A (457100) LIONEL CHAPMAN (PLAINTIFF); Receipt: 103162 Date: 05/02/2008 |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

_____

LIONEL CHAPMAN

    Plaintiff,

v.

OMNI SHOREHAM CORPORATION
D/B/A OMNI SHOREHAM HOTEL,          Civil No. 08-cv-1084-JR
                                                                             Judge James Robertson

OMNI HOTELS MANAGEMENT CORPORATION,

And

ROLAND B. SHEFFIELD,

    Defendants.

_____

## ORDER

UPON CONSIDERATION of the Defendant Omni Hotels Management Corporation's Opposition to Plaintiff's Motion for Costs and Attorney's Fees, it is this _____ day of _____, 2008 by the United States District Court for the District of Columbia:

ORDERED that Plaintiff's Motion for Costs and Attorney's Fees is DENIED.

                                                      _____
                                                      Judge James Robertson
                                                      United States District Judge

**Error! Unknown document property name.**