IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **LIONEL CHAPMAN**  )  )  Plaintiff,  )  )  v.  )  )  **OMNI HOTELS MANAGEMENT CORP., ET AL.**)  )  Defendants.  )  ) | Civil Action No. 1:08-cv-01084-JR |

**PLAINTIFF'S REPLY TO DEFNDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES**

Plaintiff LIONEL CHAPMAN, by and through counsel, Clarence A. Connelly, Jr. and the Law Offices of Clarence Connelly, files Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Costs and Attorney's Fees and avers:

**I.   DEFENDANTS REPRESENTED THAT THEY WOULD PAY ATTORNEY'S FEES PRIOR TO REMAND AND THEREFORE THEY SHOULD NOT BE ABLE TO RENEGE ON THIS AGREEMENT AFTER THE CASE HAS BEEN REMANDED:**

Defendants represent in their motion that Plaintiff's counsel allegedly stated that he was "uncertain as to his position on the fees and costs issue," but this is simply not true. Plaintiff's counsel has been unequivocal and has always made it clear to Defendants' counsel that he is seeking payment for the attorney's that Plaintiff incurred in connection with remanding this action. In fact, Plaintiff's counsel had several discussions with Defendants' counsel, Christine M. Constantino, regarding the issue of attorney's fees. During those discussions Ms. Constantino represented that Defendants would pay

$1,000.00 in attorney's fees. Based upon these representations, Plaintiff's counsel agreed to Defendants' request to cancel the scheduled hearing.

Thereafter, Defendants' counsel, Robert Woodson, contacted Plaintiff's counsel, indicating that Defendants would not agree to pay attorneys fees after all, despite Ms. Constantino's prior representations. Plaintiff's counsel made it clear that notwithstanding his consent to remand that he would still be seeking attorney's fees and costs. Never was Plaintiff's counsel ambivalent on the issue. This has always been his position.

The fact of the matter is that Defendants represented to the Plaintiff that they would pay attorney's fees before the case was remanded. Now, after remand, and well after the deadline for filing its opposition to Plaintiff's remand motion, Defendant presents arguments challenging Plaintiff's motion for remand and accompanying request for attorney's fees. Defendants should be bound by their prior representations and ordered to pay all of the attorney's fees that Plaintiff incurred in remanding this action.

II.  **DEFENDANTS WAIVED ANY OBJECTION TO PAYING COSTS WHEN THEY CONSENTED TO PLAINTIFF'S MOTION TO REMAND AND DID NOT OPPOSE PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES:**

It is all well and good for the Defendants to now submit arguments to challenge Plaintiff's motion to remand; however, Defendants make these arguments too late. Under the rules of procedure, when a party files a motion the opposing party must file an opposing motion within the time frames set forth under the rules. If a party fails to file an opposition, the arguments in the motion are conceded. *See Nails v. England,* 311 F.Supp.2d 116 (2004); *Weil v. Seltzer*, 277 U.S. App.DC. 196, 873 F.2d 1453, 1459 (D.C. Cir. 1989); *National Voter Contact, Inc. v. Versace*, 511 A.2d 393 (DC 1986).

In this case, Plaintiff filed a motion to remand and *inter alia* requested attorney's fees. Defendants did not file any opposition to the motion; instead they filed a notice consenting to it. Defendants did not state in their notice that they objected to paying attorney's fees and costs. Defendants did not file a notice consenting to remand, but objecting to Plaintiff's request for costs. Defendant did not file any opposition whatsoever.

Now, long after the deadline for filing its opposition, Defendants assert arguments that they were was obligated to make long ago before the case was remanded. To allow the Defendants to rely upon these arguments now would be contrary to the rules of procedure, which obligates an opposing to state their objection to any relief requested in a motion in a timely opposition. The failure of the Defendants to submit a timely opposition constitutes waiver. Under the rules of procedure, Plaintiff is therefore entitled to costs.

### III. **DEFENDANTS HAD NO OBJECTIVELY REASONABLE BASIS TO REMOVE THIS ACTION:**

Although for the reasons detailed *supra* Defendant's arguments opposing Plaintiff's request for costs are not valid at this juncture, it is clear that even if the arguments were timely that they still are not sufficient to obfuscate Plaintiff's right to costs and attorney's fees. Defendants simply did not have an objectively reasonable basis to remove this action. *Martin v. Franklin Capital Corporation,* 546 U.S. 132, 141 (2005) holding attorney's fees available to remanding party in absence of an objectively reasonable basis for removal).

Plaintiff named Omni as a defendant because it is the that owner of the premises where the assault occurred. There is nothing unusual about that. Defendants do not contest that Omni is a citizen of the District of Columbia. Omni was not fraudulent joined, because it is not improper (in fact it is incumbent upon the Plaintiff) to bring his claims against all responsible parties. Omni Management is an agent of Omni. Therefore, its actions and omissions are imputed upon Omni. Moreover, as the owner of the property where the assault occurred, Omni has a duty to its invitees and guests to ensure that the premises is safe. Thus, it was fully reasonable then for the Plaintiff to name Omni as a defendant.

Any argument about whether Omni is liable for the damages of the Plaintiff in this action are clearly premature at this juncture and not proper to use as a basis to support removal. These are arguments to assert in a motion to dismiss and/or for summary judgment. Defendants' arguments that because Omni was not initially named as a defendant somehow imputes that it is not a proper defendant are without merit. Plaintiff amended the complaint to include all responsible parties, and that was the only reason for the amendment of the pleadings. Plaintiff is entitled to do that.

Thus, even if as Defendants allege the employee that assaulted the Plaintiff is a resident of Virginia, this would not in anyway alter the fact that Omni is a District resident, and thus there was clearly no reasonable basis for removal. This is evident by the fact that prior to filing to remove this action, Defendants attempted to get Plaintiff to voluntarily dismiss Omni, apparently so that the Defendants would have a basis for removal. Since Plaintiff did not consent, Defendants were fully aware that they had no objectively reasonable basis for removal, and it was obvious that the action could not be

removed. Thus, Plaintiff is entitled to attorney's fees and costs incurred in remanding this action. *See Ibrahim v. 1417 N Street Associated, L.P.,* 950 F.Supp. 406, 408 (D.D.C. 1997)(holding that an award of costs and attorney's are appropriate when the nonremovability of the action is obvious.). Defendants acted in bad faith in attempting to remove this action knowing that there was no legitimate basis for removal. This warrants an award of attorney's fees and costs. *See Ibrahim v. 1417 N Street Associated, L.P.,* 950 F.Supp. 406, 408 (D.D.C. 1997).

In attempting to remove this action, Defendants sought without any real basis to have the court treat Omni as if it was not a defendant in this action and in the absence of fraudulent joinder. This is not proper procedure, nor does this constitute a reasonable basis for removal. Accordingly, it is evident that Defendants' removal attempts were void *ab initio*, and Plaintiff therefore is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).

### IV. CONCLUSION

Plaintiff seeks that this court grants Plaintiff's Amended Motion for Costs and Attorney's Fees and award the Plaintiff all attorney's fees and costs incurred in connection with remanding this action.

>
> Respectfully submitted,
> LIONEL CHAPMAN
>
>
> By:   /s/ Clarence Connelly, Jr.
>       Counsel

Clarence A. Connelly, Jr. (# 457100)
Law Offices of Clarence Connelly
1200 G Street, NW, Suite 800
Washington DC 20005
Tel: (202) 434-4517

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July 2008, I served a true and accurate copy of the foregoing Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Costs and Attorney's Fees by US Mail postage prepaid upon:

Roland B. Sheffield
2702 Wade Road, SE
Washington DC 20020


        /s/ Clarence Connelly, Jr.
    CONNELLY, JR. ESQUIRE