UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

LIONEL CHAPMAN

    Plaintiff,

v.

OMNI SHOREHAM CORPORATION
D/B/A OMNI SHOREHAM HOTEL,

OMNI HOTELS MANAGEMENT CORPORATION,

And

ROLAND B. SHEFFIELD,

    Defendants.

Civil No. 08-cv-1084-JR
Judge James Robertson

## DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S UNOPPOSED MOTION FOR LEAVE TO FILE A RESPONSE

COMES NOW, Defendant Omni Hotels Management Corporation ("Defendant"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and the Local Rules, and moves for leave to file a response to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Costs and Attorney's Fees ("Reply") as Plaintiff's Reply presents new theories and contains several factual inaccuracies. In support of its Motion, Defendant respectfully refers the Court to the Memorandum in Support of its Unopposed Motion for Leave to File Response.

309077.1

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP


By:  /s/ Robert W. Goodson
Robert W. Goodson (Bar # 935239)
The Colorado Building
1341 G Street, N.W., Suite 500
Washington, D.C. 20005
Tel.: (202) 626-7660
Fax: (202) 628-3606
*Counsel for Defendant Omni Hotels Management Corporation*

## Certificate of Service

I hereby certify on this 30th day of July, 2008, I served by first class mail, postage prepaid the foregoing Defendant Omni Hotels Management Corporation's Unopposed Motion for Leave to File a Response, Memorandum in Support thereof, proposed Order, and corresponding Exhibit upon the following:

> Roland B. Sheffield
> 2702 Wade Road, SE
> Washington, DC 20020

In addition, a copy of the foregoing Defendant Omni Hotels Management Corporation's Unopposed Motion for Leave to File a Response, Memorandum in Support thereof, proposed Order, and corresponding Exhibit was served electronically on the following:

> Clarence Connelly, Jr., Esq.
> Law Office of Clarence Connelly
> 1200 G Street, NW
> Suite 800
> Washington, D.C. 20005
> (202) 445-3831
> *Counsel for Plaintiff*

          */s/ Robert W. Goodson*
          Robert W. Goodson

309077.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

LIONEL CHAPMAN

    Plaintiff,

v.

OMNI SHOREHAM CORPORATION
D/B/A OMNI SHOREHAM HOTEL,             Civil No. 08-cv-1084-JR
                                                                    Judge James Robertson

OMNI HOTELS MANAGEMENT CORPORATION,

And

ROLAND B. SHEFFIELD,

    Defendants.

### MEMORANDUM IN SUPPORT OF DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S UNOPPOSED MOTION FOR LEAVE TO FILE A RESPONSE

COMES NOW, Defendant Omni Hotels Management Corporation ("Defendant"), by and through undersigned counsel, and submits this Memorandum in Support of its Motion for Leave to File a Response, and states the following:

1.    Plaintiff submitted his Motion for Costs and Attorney's Fees on July 18, 2008, and filed the Amended Motion for Costs and Attorney's Fees on July 21, 2008.

2.    Defendant filed its Opposition to Plaintiff's Motion for Costs and Attorney's Fees on July 23, 2008.

4

3.  Plaintiff submitted a Reply to Defendant's Opposition on July 24, 2008, which offered new factual allegations, specifically regarding Defendant's alleged agreement to pay $1,000.00 in attorney's fees, and discussing previously unmentioned legal theories against the Omni Shoreham Corporation, which include agency and premises liability.

4.  The Court issued an Order on July 28, 2008, relying in part of Plaintiff's misrepresentations regarding the alleged agreement regarding attorney's fees and setting a date for oral argument on the issue.

5.  As Defendant considers Plaintiff's Reply to be "grossly misrepresenting" the facts regarding counsels' discussion of remand and attorney's fees, it seems likely that oral argument in this matter will be necessary.

6.  Therefore, Defendant respectfully requests leave to file a Response to Plaintiff's Reply to address the new arguments in Plaintiff's Reply.

7.  Permitting Defendant to file a Response will allow the Court to have a full record before it prior to oral argument.

8.  In addition, these proceedings will not be delayed due to this request as Defendant's Reply is prepared and is attached as Exhibit A.

9.  Counsel for Defendant contacted Plaintiff's counsel via telephone on July 30, 2008 informing him of Defendant's intention to file for leave to file a response. Plaintiff's counsel stated he does not oppose the relief requested herein.

In consideration of the above and any other reasons apparent to the Court, Defendant respectfully requests leave to file its Response to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Costs and Attorney's Fees.

          Respectfully submitted,

          WILSON, ELSER, MOSKOWITZ,
          EDELMAN & DICKER LLP

By:    */s/ Robert W. Goodson*
       Robert W. Goodson (Bar # 935239)
       The Colorado Building
       1341 G Street, N.W., Suite 500
       Washington, D.C. 20005
       Tel.: (202) 626-7660
       Fax: (202) 628-3606
       *Counsel for Defendant Omni Hotels*
       *Management Corporation*

309077.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

---

LIONEL CHAPMAN

    Plaintiff,

v.

OMNI SHOREHAM CORPORATION
D/B/A OMNI SHOREHAM HOTEL,

OMNI HOTELS MANAGEMENT CORPORATION,

And

ROLAND B. SHEFFIELD,

    Defendants.

                              Civil No. 08-cv-1084-JR
                              Judge James Robertson

---

### DEFENDANT OMNI HOTELS MANAGEMENT CORPORATION'S RESPONSE TO PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES

COMES NOW, Defendant Omni Hotels Management Corporation ("Defendant"), by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure and the Local Rules, and responds to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Costs and Attorney's Fees ("Reply") as Plaintiff's Reply presents new theories and contains several factual inaccuracies. In response to Plaintiff's Reply, Defendant states as follows:

308674.1

**INTRODUCTION**

As a threshold matter, Defendant apologizes to the Court for this additional filing but is compelled to correct the factual inaccuracies in Plaintiff's Reply. Ultimately, Defendant believes the Court's determination of the appropriateness of attorney's fees in this matter will rest on the facts and law provided in Defendant's Opposition which addresses the merits of the removal action itself. In light of the standards provided by this Court and the Supreme Court, Defendant maintains that an award of costs and attorney's fees is unwarranted in the instant action where Defendant had an objectively reasonable basis for removing the action based on the fraudulent joinder of two of the parties. However, to maintain an accurate record, Defendant submits this response to correct the misleading representations contained in Plaintiff's Reply.

**ARGUMENT**

I. **At no time in any conversations between counsel did Defendant represent that it would pay attorney's fees or imply that its removal was improper.**

As noted in Defendant's Opposition to Plaintiff's Motion for Costs and Attorney's Fees and Plaintiff's Reply, Plaintiff's counsel and counsel for Defendant engaged in several conversations regarding removal, remand and attorney's fees. However, Defendant never implied that removal was improper nor stated that it agreed to pay Plaintiff's attorney's fees or costs.

   A. **Counsel for Defendant did not admit or imply that removal was improper through its request that the Omni Shoreham Corporation be dismissed voluntarily.**

Counsel for Defendant contacted Plaintiff's counsel regarding possibly dismissing the Omni Shoreham Corporation prior to filing its Notice of Removal. During this phone call, counsel for Defendant informed Plaintiff's counsel that the Omni Shoreham

Corporation did not employ any of the Omni employees and therefore, was named in error based on the allegations in Plaintiff's First Amended Complaint. In light of that error, counsel for Defendant inquired if Plaintiff's counsel would be willing to dismiss the Omni Shoreham Corporation as a named defendant voluntarily. Plaintiff's counsel requested a written proposal before he would consider this request which Defendant decided not to pursue as it did not believe there was sufficient time to do so prior to the time it desired to file the Notice of Removal. However, based on the affidavit regarding the correct corporate structure attached to the Notice of Removal, Defendant believed that Omni Shoreham Corporation would be dismissed as a fraudulently joined party at the outset of the litigation.

### B. Counsel for Defendant did not offer or agree to pay any attorney's fees to Plaintiff at any time.

After Plaintiff filed his Motion to Remand, counsel engaged in several more discussions. Counsel for Defendant received Plaintiff's Motion to Remand on July 7, 2008, one day before the July 8, 2008 scheduling conference, and immediately requested a copy of the document Plaintiff discussed in his Motion naming Roland B. Sheffield. Upon initial receipt of the U.S. Attorney Report naming Roland B. Sheffield which made it apparent that remand may be appropriate under the fraudulent joinder standards, Christine Costantino, Esq.[1] of Wilson, Elser, Moskowitz, Edelman & Dicker LLP contacted Plaintiff's counsel to inform him that Defendant may consent to the remand due to the standards employed in analyzing fraudulent joinder and inquired as to the

---

[1] Ms. Costantino is a member in good standing of the Maryland Bar as well as the Bar for the United States District Court for the District of Maryland. Her application to the District of Columbia Bar is pending, and she was operating under the supervision of attorneys admitted to practice before this Court in this matter. Plaintiff's counsel consented to Ms. Costantino's admission *pro hac vice*, but the motion was never filed in light of the remand.

3

308674.1

amount of attorney's fees Plaintiff was requesting. Plaintiff's counsel stated $2,300.00. Hoping to finalize the remand prior to the Initial Scheduling Conference, Ms. Costantino informed Plaintiff's counsel that a figure closer to $1,000.00 may be more realistic but that counsel for Defendant could not make any guarantees of payment prior to consulting with the client.[2] Counsel for Defendant was trying to avoid the unnecessary exercise of going through a Local Rule 16.3 conference, preparation of the Local Rule 16.3 statement and attendance at an Initial Scheduling Conference for a case that was going to be remanded. Counsel for the Defendant informed Plaintiff's counsel several times that the $1,000.00 figure in no way represented any promise or belief that Defendant would consent to paying attorney's fees. In fact, Plaintiff's counsel stated that he required $1,250.00 to $1,300.00 in attorney's fees and $1,000.00 was not acceptable. Moreover, when Plaintiff's counsel requested that counsel for Defendant use best efforts to obtain this amount in fees from Defendant, counsel specifically stated that it could not make such an agreement.

The cancellation of the Initial Scheduling Conference permitted counsel for Defendant to review the relevant legal standards and consult with Defendant. This additional research concerning the applicable standards made clear to counsel for Defendant that Plaintiff's Motion to Remand did not merit an award of attorney's fees. Ultimately, in a three-person conversation between Plaintiff's counsel, Ms. Costantino and Robert Goodson, Esq., counsel for Defendant explained that after reviewing the legal standards for awards of attorney's fees under 28 U.S.C. § 1447(c) and the merits of Defendant's fraudulent joinder arguments at the time the Notice of Removal was filed,

---

[2] Notably, given the timing of Plaintiff's Motion to Remand, these conversations occurred on the day before and on the day the Initial Scheduling Conference was due to take place.

Defendant was not willing to pay any attorney's fees despite its consent to the remand. Counsel for Defendant even cited and informed Plaintiff's counsel of the legal standards set forth in applicable case law and explained the reasoning for Defendant's position during this conversation. Moreover, counsel for the Defendant emphasized that it was Plaintiff's insistence on suing the wrong defendant that created the potential need to litigate the remand and attorney's fees. Counsel for Defendant expressed that Plaintiff, having worked with the alleged attacker and possessing Defendant's affidavit naming the correct individual, was improperly pursuing this action against the wrong individual, Roland Sheffield, with the knowledge that the individual defendant was inaccurately named, an action which Defendant refused to reward with attorney's fees and costs.

In this same conversation between Plaintiff's counsel, Ms. Costantino, and Mr. Goodson, Plaintiff's counsel again attempted to say that Ms. Costantino represented in a prior discussion that it would offer $1,000.00. Plaintiff's counsel was again reminded that there was never any promise or offer of $1,000.00. Plaintiff's counsel even admitted during that conversation the he understood there was no offer because such offer would be dependent on the approval of the client, a position made clear by counsel for Defendant. As indicated previously, at no time did Defendant entertain the idea of paying Plaintiff's attorneys fees and consequently, counsel for Defendant never gave any indication to the contrary to Plaintiff's counsel. After this presentation of legal authority and accompanying unequivocal position that Defendant would not consent to paying any attorney's fees and Defendant would litigate the issue if necessary, Plaintiff's counsel represented that he would have to think about what to do with regard to attorney's fees and get back to counsel for Defendant. However, Plaintiff's counsel agreed to review the

5

Consent Notice of Remand, a copy of which was emailed to him the same day. The Consent Notice of Remand explicitly limits the consent to only the remand requested by Plaintiff's counsel. Plaintiff's counsel called counsel for Defendant the next day saying the Consent Notice to Remand could be filed "as is," which counsel for Defendant confirmed via email, without any additional comment regarding attorney's fees or costs. As counsel for Defendant did not receive any indication from Plaintiff's counsel that his request for fees was ongoing, Defendant believed the Court's entry of the remand Order on July 16, 2008 laid to rest all issues before this Court.

Therefore, Plaintiff's position that Defendant agreed to pay attorney's fees is untenable. At no time was there even an offer to pay any amount of attorney's fees, let alone an agreement between counsel for the parties. Plaintiff's counsel was fully apprised of Defendant's position prior to agreeing to the Consent Notice to Remand. Even Plaintiff's Reply represents that he was aware of Defendant's stance prior to approving the Consent Notice of Remand. Consequently, Plaintiff's approval of the Consent Notice of Remand was not conditioned or in reliance on the payment of attorney's fees or costs. Further, any previous discussions between counsel prior to the Court's cancellation of the Initial Scheduling Conference were superseded by Defendant's final presentation of its position to Plaintiff's counsel. Thus, Plaintiff's argument regarding Defendant's representations regarding payment of fees lacks merit, supporting the denial of Plaintiff's Motion.

## II. Defendant did not concede Plaintiff's right to attorney's fees by not opposing an issue believed to be moot.

This jurisdiction provides that if no memorandum of points and authorities in opposition to a motion is filed within 11 days of the date of service, the Court *"may* treat

6

308674.1

the motion as conceded." Local Rule 7(b) (March 2008) (formerly D.D.C. R. 108(b)) (emphasis added); *see also Twelve John Does v. District of Columbia*, 117 F.3d 571, 577 (D.C. Cir. 1997). The use of the term "may" indicates the discretionary, rather than mandatory, nature of the rule. *Id.* at 578; *see also FDIC v. Bender*, 127 F.3d 58, 68 (D.C. Cir. 1997). The Circuit Court for the District of Columbia noted that the discretion to enforce this rule is appropriately exercised where "the district court relies on the absence of a response as a basis for treating the motion as conceded." *Twelve John Does*, 117 F.3d at 577. This rule's purpose is "to assist the district court in maintaining docket control." *Bender*, 127 F.3d at 67.

Plaintiff failed to affirmatively preserve the issue of attorney's fees and costs, thereby relieving Defendant of the need to oppose under Local Rule 7(b) or, at a minimum, weighing against treating a failure to oppose as a concession by Defendant. Plaintiff filed his Motion to Remand on Saturday, July 5, 2008. Defendant filed the Consent Notice of Remand on July 11, 2008 which specifically stated that the defendants consented "to the remand requested," not the relief requested. Further, Defendant again asserted that it did not waive any arguments presented in the Notice of Removal, which included the fraudulent joinder of the Omni Shoreham Corporation and Roland B. Sheffield. Additionally, the Consent Notice of Remand also states that the case "shall be transferred back to the Superior Court for the District of Columbia in its entirety." This Consent Notice of Remand, filed well within the time frame permitted to oppose the Motion to Remand, specifically limits the consent to the remand only and gives no indication that Defendant agreed to pay attorney's fees and costs. To argue otherwise would be contrary to Defendant's continued position regarding the fraudulent joinder of

the other defendants. Therefore, Defendant's position regarding attorney's fees and costs is apparent from the record.

Further, Plaintiff's counsel, with the knowledge that Defendant refused to pay attorney's fees, agreed to the filing of this Consent Notice of Remand with no additional indication of his intent to still pursue fees and costs.  This silence, in conjunction with the Court's Order remanding the action back to Superior Court on July 16, 2008, left Defendant with the belief that there were no issues still before this Court, and thus nothing left to oppose.  Had Plaintiff indicated at the time he provided his approval to file the Consent Notice of Remand that he continued to seek fees and costs, Defendant would have also filed an opposition within the allotted time addressing Plaintiff's claim for fees and costs.  However, the actions of Plaintiff's counsel led Defendant to believe the issue was moot and that all parties were awaiting the reopening of the case in the Superior Court for the District of Columbia.

In addition to his silence regarding fees and costs after his conversation with Mr. Goodson and Ms. Costantino, Plaintiff's counsel curiously waited until the day after the alleged expiration of time to respond to Plaintiff's Motion to Remand to file his Motion for Costs and Attorney's Fees, in which he alleges this failure to oppose is a concession. Defendant timely responded to all points offered in Plaintiffs Motion for Costs and Attorney's Fees.  In addition, this submission was prior to any consideration or reliance by the Court on Defendant's alleged failure to oppose the Motion to Remand.  Thus, the ability of the Court to manage its docket has not been hindered by the supposed delay or failure of Defendant to oppose the Motion. This is not a case of a flagrant disregard for this Court's rules and docket, thereby permitting the Court to either find that Plaintiff's

Motion to Remand was moot or decline to use its discretion to treat any lack of opposition as a concession. In light of the above, Defendant respectfully requests that the Court consider the merits of Plaintiff's Motion for Costs and Attorney's Fees and Defendant's timely opposition thereto, and properly deny Plaintiff's Motion on that basis.

**III.    The reasonableness of Defendant's removal must be analyzed based on the allegations contained in Plaintiff's pleadings at the time of removal, and is not subject to new theories wholly absent from the First Amended Complaint.**

In evaluating a removal case alleging fraudulent joinder, "[t]he federal court makes [the determinations of whether or not to remand a case] based on the plaintiff's pleadings at the time of removal." *Crowe, et al. v. Crown Central Petroleum Corp. Inc.*, 113 F.3d 1536, 1538 (11th Cir. 1997). Thus, the reasonableness of Defendant's fraudulent joinder position is also properly scrutinized based on the legal and factual allegations presented in Plaintiff's First Amended Complaint.

In his Reply, Plaintiff claims for the first time that Defendant "Omni Management" is an agent of Omni Shoreham Corporation. Reply at 4. Based upon that theory, Plaintiff claims that Omni Shoreham Corporation may be liable for the acts and omissions of its agent Omni Management. However, Plaintiff's First Amended Complaint is absent of any factual allegations regarding an agency relationship between the two corporations and likewise fails to even mention any legal theories based on agency. Rather, Plaintiff asserts that he and the alleged attacker are employees of Omni Shoreham Corporation. First Amended Complaint at ¶¶ 6-7. While Defendant recognizes the pleading requirements under the Federal Rules of Civil Procedure, Plaintiff's First Amended Complaint is devoid of any factual or legal contention to even put Defendant on notice that Plaintiff intends to argue that Omni Management is an agent

of Omni Shoreham Corporation in order to establish the liability of Omni Shoreham Corporation.

In addition, Plaintiff now claims that Omni Shoreham Corporation owes a duty to guests and invitees as the owner of the premises. Once again, this is not a theory advanced or even implied in Plaintiff's First Amended Complaint. There are no causes of action sounding in premises liability nor any facts which would put Defendant on notice that Plaintiff intended to pursue such a cause of action.

Last, Plaintiff mistakenly interprets Defendant's position as an argument regarding the ultimate liability of the Omni Shoreham Corporation for damages. However, Defendant's position is, and has always been, that Plaintiff's First Amended Complaint failed to state a single cause of action against the corporate defendants that did not arise out of the employment of the alleged attacker. Therefore, Plaintiff's First Amended Complaint is absent of any possible state law claim against the Omni Shoreham Corporation, an entity who did not employ any of the Omni employees at the Omni Shoreham Hotel, including the alleged attacker. It is upon this basis, as provided for in case law issued by this Court, that Defendant sought removal based on fraudulent joinder, and did not, as Plaintiff claims, engage in a premature discussion regarding damages.

**CONCLUSION**

In consideration of the above and the points and authorities set forth in Defendant's Opposition to Plaintiff's Motion for Costs and Attorney's Fees, Defendant respectfully requests this Court deny Plaintiff's request for attorney's fees and costs.

          Respectfully submitted,

          WILSON, ELSER, MOSKOWITZ,
          EDELMAN & DICKER LLP


By:     */s/ Robert W. Goodson*
        Robert W. Goodson (Bar # 935239)
        The Colorado Building
        1341 G Street, N.W., Suite 500
        Washington, D.C. 20005
        Tel.: (202) 626-7660
        Fax: (202) 628-3606
        *Counsel for Defendant Omni Hotels*
        *Management Corporation*

308674.1

## Certificate of Service

I hereby certify on this 30th day of July 2008, I served by first class mail, postage prepaid the foregoing Defendant Omni Hotels Management Corporation's Response to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Costs and Attorney's Fees, as Exhibit A to Defendant's Motion for Leave to File a Response upon the following:

>Roland B. Sheffield
>2702 Wade Road, SE
>Washington, DC 20020

In addition, a copy of the foregoing Defendant Omni Hotels Management Corporation's Response to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Costs and Attorney's Fees was served electronically, as Exhibit A to Defendant's Motion for Leave to File a Response on the following:

>Clarence Connelly, Jr., Esq.
>Law Office of Clarence Connelly
>1200 G Street, NW
>Suite 800
>Washington, D.C. 20005
>(202) 445-3831
>*Counsel for Plaintiff*

>/s/ Robert W. Goodson
>Robert W. Goodson

308674.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

LIONEL CHAPMAN

    Plaintiff,

v.

OMNI SHOREHAM CORPORATION
D/B/A OMNI SHOREHAM HOTEL,

OMNI HOTELS MANAGEMENT CORPORATION,

And

ROLAND B. SHEFFIELD,

    Defendants.

Civil No. 08-cv-1084-JR
Judge James Robertson

### ORDER

UPON CONSIDERATION of the Defendant's Motion for Leave to File Reply, it is this _____ day of _____, 2008 by the United States District Court for the District of Columbia:

ORDERED that the Defendant's Unopposed Motion for Leave to File a Response BE and is HEREBY GRANTED, and it is further

ORDERED that Defendant Omni Hotel Management Corporation's Response to Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Costs and Attorney's Fees, attached as Exhibit A, is hereby deemed accepted.

7

309077.1

_____
Judge James Robertson
United States District Judge

309077.1